Per Curiam.

We reverse the order of the Appellate Division and deny the motion to suppress, holding that the rule of Chimel v. California (395 U. S. 752) applies in those cases involving the admissibility of evidence seized in searches occurring after June 23,1969, the date of the decision in Chimel. The issue now before us "was not present in People v. Lo Cicero (28 N Y 2d 525) in which both search and trial had been, completed prior to Chimel.
Retroactive application of the Chimél rule in cases still in the appellate process cannot be supported since in our view that rule does not go to the “ very integrity of the fact-finding process ”. (See People v. Bush, 33 N Y 2d 921; People ex rel. Cadogan v. McMann, 24 N Y 2d 233.) To apply Chimel in those cases the trial in which started after the announcement of that decision (irrespective of whether the particular search had been conducted before or after Chimel) would comport more pearly with our concept of the nature of the judicial function. We reach the determination we do, however, in view of the decision in Williams v. United States (401 U. S. 646). We conclude that there is no sufficiently Compelling reason for us to establish for New York State a.time of application different from that recognized by the Supreme Court of the United States.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in Per Curiam opinion.
Order reversed and defendant’s motion to suppress evidence denied.