THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD B. GRAHAM, Appellant.

Third Department, July 26, 1979

APPEARANCES OF COUNSEL

*Stephen L. Oppenheim* for appellant.

*Joseph Jaffe, District Attorney (Stephen Lungen,* as Special Counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

A complete recitation of the facts can be found in the reported decision on the defendant's pretrial suppression motion *(People v Graham,* 90 Misc 2d 1019). Briefly, Craig R. Mitton, who collected daily revenues from service stations for his employer, Mid-Valley Petroleum Corporation of Newburgh, New York, disappeared after leaving company offices late in the afternoon of October 13, 1975 to make a deposit. His body, bearing three bullet wounds and marks of a blow to the head, was discovered in Sullivan County two days later. Over $25,000 in collections were missing. By the evening of October 18, the police had learned that the defendant, Lucas, and two women were registered in rooms 307 and 308 of the Airport Travel Motor Lodge in Dania, Florida. The rooms were empty when the police arrived and surveillance was continued throughout that night. At approximately 6:00 A.M. the next morning, the defendant and his party returned to their rooms. Due to a misunderstanding in communications with State Police headquarters in Middletown, New York, the State Police officers assisting the Broward County Sheriff's office in the investigation and arrest believed that a warrant had been issued for defendant's arrest at 7:00 P.M., October 18,

in New York. Therefore, at 8:00 A.M., on October 19, the police entered the motel rooms and arrested the defendant. Only later did the police learn that the warrant had in fact not yet been issued.

After his arrest, defendant gave a full confession to the police. This confession was so detailed and consistent with the facts which the police had independently uncovered as to constitute overwhelming proof of guilt. The defendant's briefs, if a production which numbered over 300 pages can still be called brief (see *Slater v Gallman,* 38 NY2d 1, 5), when reduced to their significant arguments, essentially challenge the admissibility of the confession in light of an allegedly defective arrest procedure under the Federal Constitution and Florida law. Of course, if the arrest was defective the subsequent confession could not be admitted because the connection between the arrest and the inculpatory statement had not yet become so attenuated as to dissipate the taint *(Brown v Illinois,* 422 US 590; *People v Stewart,* 41 NY2d 65). But we find no error in the arrest procedure.

A warrantless arrest is authorized under New York law (CPL 140.05, 140.10) and Florida law (Fla Stat, § 901.15). Such an arrest may be made where the arresting officer has probable cause to believe that the person to be arrested has committed a felony. As yet, the United States Supreme Court has not prohibited warrantless arrests following entry into a suspect's home even in the absence of exigent circumstances *(United States v Watson,* 423 US 411, 418, n 6). Therefore, the legality of the arrest in this case turns on State law.

A motel room is entitled to the same protection under the Fourth Amendment as the home *(People v Wood,* 31 NY2d 975). Nonetheless, in New York a warrantless entry to make a felony arrest, if based upon probable cause, is permissible *(People v Payton,* 45 NY2d 300, oral argument before US Supreme Ct, March 26, 1979 [47 USLW 3651], restored for rearg April 30, 1979, 99 S Ct 2049 [47 USLW 3714]). The same result obtains under Florida law *(State v Perez,* 277 So 2d 778 [Fla], cert den 414 US 1064; *West v State,* 355 So 2d 489 [Fla]). Thus, despite defendant's contention otherwise, this case presents no choice of law issue. Once probable cause is established, the arrest procedure employed against defendant is valid.

On the facts before us, we find sufficient probable cause to justify the arrest. Before they arrested the defendant, the

police officers knew: that Mitton had been the victim of a robbery and murder; that Lucas and another person had been seen near the bank close to the time Mitton was to arrive; that the defendant had recently been fired from the same job Mitton had; that Lucas and the defendant had made plans to leave the area; that although neither Lucas nor the defendant was registered at the Downtowner Motel, Lucas left his car there, rather than at the airport; that the defendant and Lucas were registered in the Florida motel under false addresses; and that Lucas had told a person in the Walden, New York, area not to disclose their whereabouts. Thus, the police had done more than merely place Lucas near the bank at about the time of the robbery. Indeed, the police had reason to conclude that Lucas and the defendant had fled the area. Flight is an important element in establishing probable cause (see *Peters v New York,* 392 US 40, 66; *People v Kreichman,* 37 NY2d 693, 699).

Defendant also challenges the arrest because the police did not give notice of their authority prior to entry. Both New York and Florida, however, permit noticeless entry for the purpose of making an arrest when the safety of the arresting officers might otherwise be endangered (see CPL 120.80, subd 4; 140.15, subd 4; Fla Stat, §§ 901.17, 901.19, subd [1]; see, also, *Benefield v State,* 160 So 2d 706 [Fla]). At the time of the arrest, the police knew that the defendant and his companions had taken a Doberman Pinscher with them to Florida. In fact, one of the arresting officers had wrapped a towel around his arm prior to the entry for protection against the anticipated attack by this animal. Furthermore, it was reasonable for the police to believe that defendant, a fugitive from a homicide in which the murder gun was still missing, might be armed. Therefore, defendant's objection to the noticeless entry is without merit.

■■ Assuming the warrantless search of defendant's motel room conducted after his arrest was improper (see *Chimel v California,* 395 US 752; *People v Evans,* 43 NY2d 160, 165), in light of the overwhelming case against him once his confession had been admitted, and the faint prejudicial impact of the fruits of the improper search, the error must be considered harmless (see *People v Crimmins,* 36 NY2d 230, 240-241; cf. *People v Grant,* 45 NY2d 366, 378-379). Defendant also maintains that items seized from Lucas' vehicle should have been suppressed because the warrant was defective. Even if defendant had standing to make such a challenge (see *Rakas v*

*Illinois,* 439 US 128), the warrant issued for the search of Lucas' Lincoln Continental in New Jersey was not fatally vague. It authorized a search for "other evidence of a homicide" and because it so limited the scope of the search to one particular crime it cannot be considered an unconstitutional general warrant (see *Andresen v Maryland,* 427 US 463; see, also, *Lo-Ji Sales v New York,* — US —, 99 S Ct 2319 [June 11, 1979]). Therefore, this evidence was properly admitted.

▪ Defendant's remaining complaints of illegal police activity are not persuasive. However, two issues affecting sentencing remain. Defendant asserts that since he was convicted of felony murder, the kidnapping and robbery charges should have been dismissed as lesser included offenses. Since participation in one of the enumerated predicate felonies (see Penal Law, § 125.25, subd 3) is a requisite of the crime of felony murder, if the defendant is convicted of felony murder, the predicate felony charge must be dismissed *(People v De Gata,* 64 AD2d 929, mot for lv to app den 45 NY2d 841; *People v Barnes,* 60 AD2d 654; cf. *People v Shuman,* 37 NY2d 302, 305; but see *People v Nichols,* 230 NY 221, 225-226, cf. *People v Perez,* 45 NY2d 204). In addition, the kidnapping charge merged with the robbery since the abduction did not exceed 12 hours before the victim Mitton died, and because it was incidental to and inseparable from the crime of robbery (see *People v Smith,* 47 NY2d 83; *People v Cassidy,* 40 NY2d 763). Mitton was only abducted in order to get the money he was carrying. Therefore, since the kidnapping charge merged into robbery, only one predicate felony survived and it must be considered included in the felony murder conviction. The judgments imposed for conviction of kidnapping in the first degree and robbery in the first degree must necessarily be vacated.

The judgment should be modified, on the law and the facts, by reversing the convictions of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as so modified, affirmed.

SWEENEY, KANE and HERLIHY, JJ., concur.

Judgment modified, on the law and the facts, by reversing the convictions of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as so modified, affirmed.