■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Also Known as SIDNEY DAVIS, Appellant.—Judgment of the Supreme Court, New York County, rendered June 26, 1974, convicting the defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree, and imposing upon him an indeterminate sentence of six years to life, unanimously reversed, on the law and the facts, the motion to suppress granted and the indictment dismissed. Despite the fact that a number of lethal weapons and a quantity of narcotics were seized by the police in a hotel room occupied by the defendant and a female companion on November 8, 1973, we are required to suppress the evidence. We do not agree with the District Attorney that the police conduct under all the circumstances was reasonable and that the property recovered in the hotel room was lawfully seized. The seizure resulted in a 17-count indictment charging the defendant with criminal possession of weapons and controlled substances. After denial of a motion to suppress, the defendant pleaded guilty to one count of the indictment charging criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. He was thereupon sentenced to an indeterminate term of from six years to life. In the first instance, the police contended that they acted upon information supplied by the hotel manager that the woman sharing defendant's room had a pistol in her pocketbook. A police officer proceeded to defendant's room. The officer testified that when he knocked on the door and had a hotel employee announce "telegram", he was threatened with gunfire from inside the room by a male and a female. Reinforcements armed with shotguns arrived. This time it was announced, "This is the police." According to the officer (the only witness offered by the People), the defendant thereupon opened the door, and when the officer-in-charge stated that he had a report that there was a gun in the room, and the police sought entry, the defendant granted them permission. On cross-examination, however, the same police officer denied that he ever heard the defendant consent to the entry or search of the room. Defendant testified at the hearing that he gave no such consent. It was during this search that weapons and narcotics were found. Later, after several hours of questioning, the police upon "consent" of the defendant's female companion returned to the room and there located a security box. In it was a quantity of narcotics. It is undisputed that no warrant covering any phase of the police action was obtained. Although a warrant is now required for police to enter a home to arrest for a felony, ·absent exigent circumstances or consent (*Payton v New York*, 445 US 573; *Riddick v New York*, 445 US 573)[1] the police entry was authorized at the time.[2] Nevertheless, the

---

1. These decisions declared unconstitutional CPL 140.15 (subd 4) and its predecessor, section 177 of the Code of Criminal Procedure. Said sections provided, in effect, that a police officer may without a warrant enter premises to arrest a person within, in the same manner as if the officer were attempting to make an arrest pursuant to a warrant.

2. We do not hold *Payton v New York* and *Riddick v New York* to be retroactive because it cannot be said that "the major purpose of [this] new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-

ensuing search of the premises and the seizure of the weapons and narcotics were required to conform to constitutional requirements (US Const, 4th, 14th Amdts; NY Const, art I, § 12) which could only be met by a warrant authorizing the search or consent by the occupant of the apartment. The District Attorney claims that the police entry and ensuing search rested upon consent. "The burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right" *(People v Whitehurst,* 25 NY2d 389, 391),[3] that is, "that the consent was, in fact, freely and voluntarily given" *(Bumper v North Carolina,* 391 US 543, 548; *People v Kuhn,* 33 NY2d 203, 208; *People v Benitez,* 76 AD2d 196). It is implausible that any consent by the defendant was voluntary when we consider that at the time he was confronted by armed police officers *(People v Gonzalez,* 39 NY2d 122, 127-128). Furthermore, considering the defendant's denial, and the police officer's equivocal testimony, we find the District Attorney has not met the required burden of showing that consent was freely and voluntarily given. Although the defendant's companion had the right to permit the police to enter and search the apartment and the security box *(People v Cosme,* 48 NY2d 286; *People v Wood,* 31 NY2d 975) on the second visit, we find, for the same compelling reasons, that her "consent" was not voluntary. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Carro, JJ.

finding function". (See *Ivan V. v City of New York,* 407 US 203, 204; and other cases cited in *People v Getch* and *People v Marr,* 50 NY2d 456.)

3. A number of States "use a higher standard of proof, using such phrases as 'clear and positive proof' and 'clear and convincing evidence'" in an effort to apply a measurable standard (see Ringel, Searches & Seizures, Arrests and Confessions [2d ed], 1979, § 9.6). In any event, the use of the word "heavily" connotes a great weight or burden (American Collegiate Dictionary), despite the amorphous quality of the word.