THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD B. GRAHAM, Appellant.

Third Department, July 31, 1980

*Stephen L. Oppenheim* for appellant.

*Joseph Jaffe, District Attorney (Stephen Lungen* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

When this matter was before this court originally (69 AD2d 544), we modified the judgment by reversing the conviction of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as modified, affirmed, holding that there was no error in the warrantless arrest since there was probable cause.[1]

Thereafter, leave to appeal to the Court of Appeals was denied (48 NY2d 980) as was a motion to reconsider that determination (49 NY2d 804). On May 12, 1980, the United States Supreme Court, pursuant to defendant's application, entered the following order: "The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated and the case is remanded to the Appellate Division, Supreme Court of New York, Third Judicial Department, for further consideration in light of *Payton v New York* (445 US 573)."

In *Payton v New York* (445 US 573, *supra),* the Supreme Court concluded that absent exigent circumstances, the Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest.[2] It follows, therefore, since *Payton* was decided after defendant was convicted, that the new rule of criminal procedure propounded therein is applicable to the Graham's murder convictions only if such rule is applied retroactively. We conclude that it should not be given such retroactive application.

We recently noted in *People v Albro* (73 AD2d 73, 75) that "[t]he easy to apply common-law rule that cases on direct

---

1. A complete recitation of the facts can be found in the reported decisions *(People v Graham,* 90 Misc 2d 1019, 69 AD2d 544).

2. We determined that "[a] motel room is entitled to the same protection under the Fourth Amendment as the home" (69 AD2d 544, 547, citing *People v Wood,* 31 NY2d 975).

appeal received the benefit or detriment of changes in decisional law and that final judgments were not affected by subsequent changes is no longer valid", it being our view that the instruction of *Johnson v New Jersey* (384 US 719, 728) to the effect that each constitutional rule of procedure must be individually analyzed to determine if it will be given retroactive application must be followed. In furtherance of such analysis, certain guidelines, adopted by the Court of Appeals *(People v Morales,* 37 NY2d 262, 269) have been established to determine if a rule of constitutional dimension should be retroactively applied. They are (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards *(Desist v United States,* 394 US 244, 249; see, also, *People v Albro, supra).*

Again, as we stated in *Albro,* the most important of these factors is the purpose to be served by the new constitutional rule *(supra,* p 75), and that purpose can only be discerned by a close examination of the rule to determine if the application of the same goes to the "very integrity of the fact-finding process" *(People v Buia,* 34 NY2d 529, 530; accord *Stovall v Denno,* 388 US 293, 298). Thus, the Court of Appeals has concluded that there is no sufficiently compelling reason for New York State to establish a time of application for newly promulgated constitutional rules different from that recognized by the Supreme Court (see *People v Buia, supra,* in which retroactivity of the rule of *Chimel v California,* 395 US 752 [narrowing the permissible scope of searches incident to arrest] was denied on the authority of *Williams v United States,* 401 US 646).

■ We turn now to a determination of whether the newly promulgated constitutional rule affects the "very integrity of the fact-finding process." In view of how that guideline was applied by our Nation's highest court in *Linkletter v Walker* (381 US 618) wherein the exclusionary rule of *Mapp v Ohio* (367 US 643) was denied retroactive effect, as well as in *Williams v United States (supra)* and in *Hill v California* (401 US 797) where the rule of *Chimel v California (supra)* was held not to be retroactive, we are compelled to conclude that the subject rule, i.e., that, absent exigent circumstances, a warrantless entry for the purpose of a routine felony arrest is unconstitutional, is not so essential to the "very integrity of

the fact-finding process" that all past reliances upon existing statutory law should be negated so as to rehabilitate with innocence those who by their intentional acts seriously offended our penal statutes. Accordingly, we decline to apply *Payton* retroactively and adhere to our original decision.

The judgment should be modified, on the law and the facts, by reversing the conviction of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as so modified, affirmed.

SWEENEY, KANE, STALEY, JR., and HERLIHY, JJ., concur.

Judgment modified, on the law and the facts, by reversing the conviction of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as so modified, affirmed.