■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HENN, Appellant.—Judgment unanimously affirmed. Memorandum: At trial defendant did not make any request concerning the court's charge pertaining to accomplices, nor did he except to the charge as given. Thus, the issue was not preserved for review (see *People v Darrisaw,* 49 NY2d 786; *People v Graham,* 67 AD2d 172). The court's conclusion that defendant's admissions prior to his request for an attorney at 2:20 A.M. were voluntary is fully supported by the evidence. There is no merit to the other issues raised on appeal. (Appeal from judgment of Monroe County Court—murder, second degree, and other charges.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. POLLOTTA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for review the contention that his admissions made after the police arrested him in his home without a warrant should be suppressed pursuant to *Payton v New York* (445 US 573; see *People v Martin,* 50 NY2d 1029; *People v Booker,* 49 NY2d 989). Even if we were to find that the *Payton* issue had been properly preserved, we would concur with the First and Third Departments that *Payton* should not be applied retroactively *(People v Graham,* 76 AD2d 228; *People v Benitez,* 76 AD2d 196, 199, n 2). The question of probable cause to arrest was raised in the suppression hearing; however, the record supports the trial court's finding of probable cause to arrest for assault. One of the arresting officers had talked with an eye witness to the beating and the other had been given information concerning defendant's complicity in the assault by a detective who had interviewed the eyewitness. We find no reason to comment on the other points raised on appeal. (Appeal from judgment of Monroe County Court—murder, second degree, and other charges.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.