■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRI LE GRAND, Appellant. — Appeal from a judgment of the County Court of Otsego County, rendered March 17, 1980, upon a verdict convicting defendant of the crime of forgery in the second degree. Defendant was using the name of Dr. Lloyd Metcalf and an American Express credit card bearing that name which had been reported stolen. On June 29, 1979, he was arrested by the State Police and indicted on two counts of forgery in the second degree. Defendant was convicted following a jury trial and the instant appeal ensued. The sequence of information and events reveals that the investigation was triggered by word that someone at a motel in Cobleskill was using two names, Lloyd Metcalf and Henri Le Grand. In the course of the investigation, the police learned that the subject was registered at the motel under the name of Metcalf and was paying for lodging, meals and beverages with an American Express credit card bearing the name Lloyd Metcalf. They then ascertained that this credit card was listed by the American Express office in New York City as stolen. When approached, defendant gave his name as Lloyd Metcalf and upon being asked for identification he led the police to his room. The trial court adopted the police version that defendant invited them into his room and once inside he admitted to them that he was Henri Le Grand. This admission, when coupled with the facts that he held himself out as Metcalf and had used the stolen Metcalf credit card, constituted reasonable ground and probable cause for the police to believe that crimes had been committed and that defendant had committed them. Under the circumstances, interrogation was proper (see *People v Rivera,* 14 NY2d 441) and the obvious falsehoods uttered by defendant warranted his detention and arrest *(People v Brady,* 16 NY2d 186, 189; *People v Hook,* 15 NY2d 776). The police had information that defendant had threatened to shoot someone the previous evening and, therefore, acted properly in searching his person and the immediate surrounding area for a weapon *(Chimel v*

*California,* 395 US 752; *People v Weintraub,* 35 NY2d 351). The fruits of the search included the credit card in question and auto rental receipts in the name of Metcalf which were lying open and visible on a dresser in the immediate vicinity. An object which comes into view during a search incident to a lawful arrest may be seized without a warrant under the "plain view" doctrine enunciated in *Coolidge v New Hampshire* (403 US 443, 466). Defendant argues that his arrest was unlawful under *Payton v New York* (445 US 573) which holds that the police are prohibited from making a warrantless search and nonconsensual entry into a suspect's home in order to make a routine felony arrest, in the absence of exigent circumstances. However, this court, in *People v Graham* (76 AD2d 228), declined to give retroactive effect to *Payton.* Application of the test of retroactivity of *Payton* delineated in *People v Graham (supra)* requires that we reject any view which, in effect, would hold "that all past reliances upon existing statutory law should be negated so as to rehabilitate with innocence those who by their intentional acts seriously offend our penal statutes" *(People v Graham, supra,* p 231). In addition, the trial court found that the police entered the room with defendant's consent. The record at the suppression hearing adequately supports the trial court's denial of the motion to suppress, made after careful analysis and evaluation of the testimony and demeanor of the witnesses. Defendant next contends he was improperly sentenced as a second felony offender. We agree. Defendant was sentenced as a second felony offender on the basis of Canadian convictions for common assault and fraud. Under the Canadian statutes, common assault is "unlawfully caus[ing] bodily harm to any person or commit[ting] an assault that causes bodily harm to any person." Fraud is committed by one who, "by deceit, falsehood or other fraudulent means, whether or not it is a false pretense within the meaning of this Act, defrauds the public or any person, whether ascertained or not, of any property, money or valuable security" (Criminal Code of the Dominion of Canada, §§ 245, 338). In New York, mere "bodily harm" does not rise to the level of a felony assault (see, e.g., Penal Law, § 120.05). Similarly, a fraud does not constitute a felony under New York law unless the value of the stolen property exceeds $250 (see Penal Law, § 155.30). Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law defines a predicate felony conviction as a conviction "in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year *** was authorized and is authorized in this state". Since the Canadian assault and fraud, as defined by the respective Canadian statutes, are not offenses punishable in this State by a term of imprisonment in excess of one year, neither constitutes a predicate felony for purposes of sentencing *(People v Brooks,* 73 AD2d 564; see *People v Olah,* 300 NY 96). While defendant argues that the trial court erred in its jury charge regarding commercial instruments, we recognize that a credit card receipt or voucher constitutes a "Written instrument" for purposes of the forgery statute (see Penal Law, § 170.00, subd 1). A defendant who "signs a voucher, receipt or other paper in the name of the card owner *** is also guilty of forgery in the second degree" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 165.15, p 228). Although the Penal Law does not define "commercial instrument", a credit card is certainly of a nature to "evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status" (Penal Law, § 170.10, subd 1). Judgment modified, on the law, by vacating defendant's adjudication as a second felony offender and by remitting the matter to the County Court of Otsego County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.