■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. DELGAIZO, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 21, 1980, convicting defendant, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the third degree. At issue on this appeal is the validity of the denial of defendant's suppression motion and the legality of defendant's arrest without a warrant. Defendant was arrested as a result of the undercover activities of an informer, Walter Hildebrand, who, at the instigation of one George Soberon, approached officers of the narcotic division of the State Police and informed them that he thought he could buy cocaine from defendant. He thereafter made a monitored call to defendant and asked him if he had any "stuff". Defendant answered that he was out of "pot". Hildebrand then said he was not talking about "pot"; he was talking about "coke". Defendant told him to come to his house alone. Thereafter, Hildebrand was wired with a transmitter and given $700 in marked money. By prearrangement, Hildebrand was told to signal the police officers when a buy had been consummated by using the word "money" in his conversation with defendant or, failing such a signal, he was to remove his sunglasses when leaving the premises. The officer monitoring the transmitter signaled two other officers to enter the apartment when the signal was given. The police knocked on the door, which was opened by defendant, and asked for "Grease" (Hildebrand's nickname). Defendant told Hildebrand to get them out of there. The officers entered through the open door; one took Hildebrand out of the apartment, searched him, and found cocaine on his person and $100 in marked bills, while the other arrested defendant. The apartment was then searched by the officers who confiscated cocaine, $600 in marked bills and other items. Upon the denial of his motion to suppress, defendant pleaded

guilty to the crime of criminal sale of a controlled substance in the third degree in satisfaction of the indictment. Defendant urges that his warrantless arrest was impermissible on authority of *Payton v New York* (445 US 573), wherein CPL 140.15 (subd 4) was declared unconstitutional. The instant appeal raises an issue as to when the *Payton* decision is applicable. While this defendant was arrested before the decision was handed down, the motion to suppress and his conviction postdate *Payton*. We conclude that, upon consideration of the applicable tests in reaching the question of retroactivity of changes in decisional law (see *Desist v United States,* 394 US 244; *People v Morales,* 37 NY2d 262; *People v Graham,* 76 AD2d 228, mot for lv to app den 53 NY2d 943; *People v Albro,* 73 AD2d 73), the *Payton* rule cannot be applied retroactively. The deterrent purpose of the *Payton* rule was not intended to overcome the truth-finding function of the trial. This consideration, plus police reliance on the old standards, favor a solely prospective application of the law. There remains, then, for resolution the question of whether there was compliance by the police with the mandates of CPL 140.15 (subd 4). The police had the burden of proving that they had reasonable belief, based on reasonably trustworthy information, that a crime had just been committed in the apartment to justify their entry *(Brinegar v United States,* 338 US 160; *People v Sobotker,* 43 NY2d 559). The basis asserted by the People for probable cause is their overhearing of the phone conversation between Hildebrand and defendant which led them to conclude that a drug sale was contemplated by defendant, and the "money" signal overheard via the transmitter by Officer Smith. These facts, in our opinion, constituted probable cause for entry into the apartment. Having found that there was probable cause to believe that a crime was committed, we next address the issue of whether the search conducted by the police was lawful. To be lawful under the statute, a search must have been incidental to the arrest of the accused and must be limited to the person of the defendant and to the area within his immediate control *(Vale v Louisiana,* 399 US 30; *Chimel v California,* 395 US 752). The record discloses that here the officers conducted a general search of the apartment. Hildebrand characterized it as a "ransacking". Thus, the search was clearly beyond the scope of a permissible search. Such a general search is justified only in exigent circumstances *(People v Gonzalez,* 39 NY2d 122). The People urge that exigent circumstances existed here. It is the prosecution's burden to prove that exigent circumstances required an immediate search of the whole apartment *(Dorman v United States,* 435 F2d 385). This element is missing. Once defendant had been arrested, there was no further danger that the evidence would be lost or destroyed. The officers could have easily secured the premises and sought a warrant for a complete search of the apartment (see *People v Knapp,* 52 NY2d 689). Neither the nature of the contraband, its easy destructability, nor the officers' personal inconvenience in obtaining a warrant constitutes exigent circumstances. We note parenthetically that the record is unclear as to where the various items seized were found in the apartment. The People urge that, *arguendo,* if the search and seizure were illegal, the denial of the suppression motion was harmless because the evidence seized bore no relation to the charge to which defendant pleaded guilty. They contend that the cocaine obtained from Hildebrand's person was the only evidence necessary to convict defendant of the crime to which he pleaded guilty, and that defendant has no standing to challenge this search. We find this argument to be without merit. The denial of the motion was directly relevant to the subsequent entry of defendant's plea. It is clear that there exists a real possibility that the denial of the motion contributed to the plea. Thus, the error cannot be deemed to be harmless *(People v Grant,* 45 NY2d 366; *People v Ramos,* 40 NY2d 610). We conclude then that evidence seized in the apartment, other than that taken

from defendant's person and from his immediate vicinity, must be suppressed. There must be a new hearing held to determine what evidence was properly seized. Judgment reversed, on the law, plea vacated and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith. Mahoney, P.J., Main, Mikoll and Yesawich, Jr., JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). I would affirm. It appears to me that this is an example of excellent police work in which defendant was in no way prejudiced. There was no breaking down of doors or use of any undue force or any other form of duress, deceit or unfair tactics. The cocaine which the officers had a right to assume was in the apartment was something that would be readily disposable while the police were seeking a warrant. The factual situation presented constitutes exigent circumstances and viewing the police action in its entirety rather than piecemeal, it is amply demonstrated that the judgment should be affirmed. The record is convincing that defendant was guilty as charged and he knowingly pleaded guilty to the charges.