OPINION OF THE COURT
Alfred H. Kleiman, J.
The defendant was indicted for the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the fourth degree. Upon the denial of his motion to suppress the defendant pleaded guilty to the charges.
For its findings of fact this court found that on April 15, 1980 the police, without a warrant, forcibly entered the apartment of the defendant and arrested him for the crime of murder which they had reasonable grounds to believe the defendant had committed. During an initial search of the immediate area of the arrest the police observed drug paraphernalia and the butt of a gun. While police officers searched the premises, and other officers took the defendant to the police precinct for booking on the homicide charge, the detectives, based primarily upon the information gathered during the initial arrest and search, obtained a warrant to search the premises. The detectives then returned to the apartment and conducted a full search during which the contraband which is the subject of this motion was seized.
The court held that the arrest without a warrant was lawful since the arresting officers had reasonable cause to believe the defendant had committed a homicide and were *732 therefore justified in forcibly entering the premises pursuant to CPL 140.15 (subd 4). The court further held that the initial search was within the limits set forth in Chimel v California (395 US 752). The motion to contravert the warrant and to suppress the seized drugs and revolver was therefore denied.
Since the warrantless entry and arrest occurred on the same day (April 15) as the decision in Payton v New York (445 US 573) defendant urged that they were impermissible on the authority of Payton. This court found that there were no exigent circumstances which could justify the forcible entry. (See People v Lee, 83 AD2d 311, 312.) Accordingly, I agree that if Payton were applied, defendant’s motion would be granted since not only the initial search but also the subsequently obtained search warrant would be the fruits of an unlawful arrest. The narrow issue is, therefore, whether Payton, which held CPL 140.15 (subd 4) unconstitutional, should be applied to a search which took place on the same day that the decision was announced.
The First Department has already decided that Payton is not to be given retroactive effect for those searches occurring prior to that decision (People v Brown, 77 AD2d 537, n 2; People v Benitez, 76 AD2d 196, 199, n 2; accord People v Laskaris, 82 AD2d 34, 37-38; People v Whitaker, 79 AD2d 668, 669; People v Graham, 76 AD2d 228, 229; People v Pollotta, 79 AD2d 852). None of these cases provide guidance as to when the dividing line between retrospective and prospective application is crossed.
The answer must be derived from the criteria which are used to determine when retroactivity is to be applied. These are “(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on thel administration of justice of a retroactive application” (Stovall v Denno, 388 US 293, 297). There is an element of notice implicit in the second criterion. Since reliance by the authorities is important in the determination of retroactivity, obviously there must be a reasonable time for the dissemination and enforcement of a new standard. As stated in People v Delgaizo (84 AD2d 646, 647) amongst *733 other considerations, “police reliance on the old standards, favor a solely prospective application of the law.”
Indeed, in one of the leading cases on retroactivity, Desist v United States (394 US 244, 254) the Supreme Court decided that Katz v United States (389 US 347 [which held probable cause must be demonstrated to magistrate for electronic eavesdropping to be valid]), was not to be given retroactive effect and was to apply only to “electronic surveillance conducted after December 18, 1967”, the date Katz was announced. (Emphasis added.)
Accordingly, this court held that since Payton (supra) is to be prospectively applied only after April 15,1980, it was not applicable to the search that took place on April 15, 1980.
In reaching this decision, I found it unnecessary to determine whether the operative date of Payton “after” April 15 is the following day or a more reasonable time thereafter.