OPINION OF THE COURT
Alfred H. Kleiman, J.
This is a motion by the defendant to vacate the judgment of this court pursuant to CPL 440.10 (subd 1, par [h]).
Defendant was indicted for the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the fourth degree. A hearing on defendant’s motion to suppress the physical evidence was held before me in December, 1981. Following the denial of that motion, defendant pleaded guilty to the charges and defendant was sentenced on January 12 and 14,1982 to an indeterminate term of imprisonment with a maximum of life and a minimum of six years, and to a determinate term on the weapons count.
In its conclusions of law and its written opinion, People v Benthall (112 Misc 2d 731) the court held that the arrest without a warrant was lawful pursuant to CPL 140.15 (subd 4). Whereas Payton v New York (445 US 573), declared this section unconstitutional, this court rested its conclusion of law on First Department decisions holding that Payton was not to be given retroactive effect to *253 searches occurring prior to that decision (citing People v Brown, 77 AD2d 537; People v Benitez, 76 AD2d 196). I further held that whereas the search took place on April 15,1980, the date the decision in Payton was handed down, Payton would be prospectively applied only to searches taking place after April 15, 1980.
Having also found that there were no exigent circumstances which could justify the forcible entry, I stated in my opinion “if Payton were applied, defendant’s motion would be granted since not only the initial search but also the subsequently obtained search warrant would be the fruits of an unlawful arrest” (People v Benthall, supra, at p 732).
Notice of appeal from the judgment was filed on January 21,1982 and this appeal is presently pending in the Appellate Division.
On June 21, 1982 the Supreme Court in United States v Johnson (457 US 537,_), held that Payton v New York (supra) “construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered.”
CPL 440.10 (subd 1) provides:
“At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that * * *
“(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.” (Emphasis supplied.) United States v Johnson has explicitly overruled the principles of retroactivity enunciated in the Brown and Benitez decisions as well as those in accord decided in other departments cited in Benthall (supra, p 732). (Cf. People v Maerling, 89 AD2d 1001.) Thus, in my opinion, the judgment was obtained in violation of the defendant’s Fourth Amendment rights, and my earlier decision applying Pay-ton is erroneous, and if it were within this court’s discretion I would vacate the judgment.
However, the People effectively argue that pursuant to CPL 440.10 (subd 2, par [b]) defendant’s application must be denied. This section provides:
*254 “2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when * * *
“(b) The judgment is, at the time of the motion, appeal-able or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal.” (Emphasis supplied.)
Defendant argues that while a literal reading of this statute would appear to prohibit the requested relief, the court, it is urged, should exercise its inherent power to vacate this judgment in the interest of justice. If the issue of retroactivity was the sole issue pending before the appellate court and thus dispositive of the appeal, this argument would merit further consideration. However, while the People concede in their memorandum of law that “this case is within the class of cases to which the holding of the Payton decision is now relevant”, they point out that they have raised in their appellate brief the issues of “consent”, “taint”, and “exigent circumstances.” While I have made findings of fact and conclusions of law on these collateral issues adverse to the People, the vacating of this judgment would not bar a renewed appeal by the People. Such action would only have the practical effect of reversing the “posture” of the appellants. This would only result in an unnecessary duplication of the appellate process, leaving the same contested issues to be resolved.
While this decision may be deemed a modification of my earlier reported opinion, I must reluctantly deny the application to vacate the judgment and leave it to the appellate court to reverse those conclusions of law I have made which are inconsistent with the Johnson decision.