■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID ZAIRE, Petitioner, v EVERETT J. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2) for writ of habeas corpus denied (*People ex rel. Frazier v Coombe,* 87 AD2d 904). Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.

■ In the Matter of DENNIS INGALLS, Petitioner, v D. BRUCE CREW, III, as Justice of the Supreme Court of the State of New York, Respondent. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated April 12, 1984 dismissed. The extraordinary remedy of prohibition does not lie if full judicial review can be obtained through the normal avenues of appellate review (see *Matter of Legal Aid Soc. v Scheinman,* 53 NY2d 12). In light of this decision, the motion for a stay is denied as academic. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.

# FOURTH DEPARTMENT, MAY, 1984

## (May 25, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD F. PELC, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of four counts of sodomy in the first degree. It was established that defendant, while incarcerated at the Cayuga County Jail, assisted another inmate in forcing a 17-year-old inmate to engage in four separate acts of sodomy with a fellow inmate. On appeal, defendant contends that the trial court erred in failing to instruct the jury that defendant could not be convicted on the basis of uncorroborated accomplice testimony (see CPL 60.22). Defendant acknowledges that no request was made that the court charge corroboration, nor was there any exception taken to the court's failure to so charge in accordance with the statute. Thus, the issue has not been preserved for appellate review (see *People v Henn,* 79 AD2d 852; *People v Graham,* 67 AD2d 172, 179). Nevertheless, defendant, relying on *People v Ramos* (68 AD2d 748), maintains that the trial court's failure to charge the jury on the accomplice corroboration rule constitutes reversible error, even in the absence of a request to charge. ¶ The prosecution presented testimony from two inmates who had participated in these crimes and had entered pretrial guilty pleas to charges arising out of this incident. These witnesses were accomplices as a matter of law (CPL 60.22, subd 2) and the trial court should have instructed the jury that defendant could not be convicted on their testimony absent corroborative evidence (CPL 60.22, subd 1; see *People v Minarich,* 46 NY2d 970). On the facts of this case, however, failure to so charge does not require reversal. In addition to the accomplice testimony, the prosecution presented testimony from both the victim and another inmate who witnessed, but was not involved in, the incidents of sodomy. Thus, unlike the factual situation in *Ramos (supra),* the prosecution's case was not "substantially dependent" on the accomplices' testimony and there was, in any event, ample corroborative evidence of the accomplices' testimony (*People v Graham, supra,* p 179). (Appeal from judgment of Cayuga County Court, Rybarczyk, J. — sodomy, first degree.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.