■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN J. WRIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment entered upon a jury verdict convicting defendant of forgery in the second degree (Penal Law § 170.10 [1]) and petit larceny (Penal Law § 155.25), defendant argues that the trial court erred in not charging forgery in the third degree (Penal Law § 170.05) as a lesser included offense and in receiving evidence of forgery and related offenses of which her husband was convicted. Defendant also claims that her sentence was harsh and excessive and was based upon the prosecutor's characterization of her trial testimony as perjured. None of these claims requires reversal.

The court did not err in refusing to charge forgery in the third degree as a lesser included offense. A credit card slip is a "commercial instrument, or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a

legal right, interest, obligation or status" (Penal Law § 170.10 [1]; *see, People v Le Grand,* 81 AD2d 945, 946; *People v Babits,* 122 Misc 2d 6, 9; *see also,* Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 165.15, pp 227-228). Thus, the trial court correctly concluded, as a matter of law, that no reasonable view of the evidence would support a finding that defendant committed forgery in the third degree (falsely making, completing or altering a written instrument, regardless of its commercial nature and whether or not it affects a legal right) but not forgery in the second degree (*see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61).

The trial court did not err in admitting evidence that defendant's husband was charged with and convicted of forgery and related crimes on December 13, 1982, the date of the crimes committed by defendant. This evidence was relevant because the crimes of which defendant's husband was convicted involved credit cards belonging to the same person whose name was on the credit card slip defendant forged. The challenged evidence helped explain defendant's access to the Sibley credit card she used and the court properly charged the jury that this evidence was received for this limited purpose (*see, United States v Braunig,* 553 F2d 777, 778, *cert denied* 431 US 959).

We have considered defendant's remaining claims relating to her sentence and find them lacking in merit. (Appeal from judgment of Ontario County Court, Reed, J.—forgery, second degree.) Present—Hancock, Jr., J. P., Denman, Green, O'Donnell and Pine, JJ.