■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, RICHARD E. STONE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered August 12, 1986, convicting defendant upon his plea of guilty of the crime of possession of marihuana in the third degree.

On November 7, 1985, an individual named Pollitt, who was being held by the City of Johnstown Police pending arraignment, agreed to provide information regarding drug sales in Fulton County in exchange for bail. Following his arraignment, Pollitt was released into the custody of the police and agreed to enlist the help of Stephen Dutscher in purchasing a pound of marihuana from defendant.

The police thoroughly searched Pollitt and his vehicle and equipped him with a body wire. Pollitt then identified defendant's residence to the police, who commenced surveillance of the house as Pollitt went to pick up Dutscher. Shortly after 8:00 P.M. Pollitt drove up to defendant's house and Dutscher was observed leaving the car and entering defendant's residence. A few minutes later Dutscher returned to the car carrying something in his hands. Pollitt gave an agreed-upon electronic signal indicating that drugs had been purchased and police officers converged on the vehicle. Several officers then approached the front of the house and entered the front door. At about the same time, defendant fled out the rear door. Another officer pursued him and saw him throw an object into some bushes. A large plastic bag containing marihuana was later found in the bushes. Defendant was finally caught and arrested. Nearby was found a wallet containing a large amount of money. The officers who entered the front door came into a main room and observed a number of people

and burned marihuana cigarettes. They noticed a strong odor of burning marihuana. They tracked the smell to a wood stove. Inside they found a smoldering bag of marihuana. They also seized incriminating evidence in other locations of the house.

Defendant was indicted and charged with criminal sale of marihuana in the second degree, criminal possession of marihuana in the second degree and criminal possession of marihuana in the third degree. After a suppression hearing, County Court suppressed evidence found in rooms other than the main room of the house. The remainder of the evidence was ruled to be admissible. Defendant pleaded guilty to criminal possession of marihuana in the third degree, a class E felony, and was sentenced to a definite term of imprisonment of one year. This appeal ensued.

In our view, while the fact pattern presents a close question, we find the warrantless entry into the home to have been justified by exigent circumstances. Dutscher had just been arrested in plain view of anyone in the house who might have been watching. Further, County Court found that defendant fled the rear of the house before the officers entered the front door, and we see no reason to disturb that finding. Thus, the officers were justified in believing that suspects might flee or evidence might be destroyed. Indeed, that is exactly what then occurred.

Next, County Court properly found that there was probable cause to arrest defendant. The ensuing police investigation corroborated Pollitt's information and established his reliability (see, People v Johnson, 66 NY2d 398, 403). Further, the police surveillance provided sufficient information to constitute probable cause independent of the hearsay information which had prompted the investigation (see, People v Delgaizo, 84 AD2d 646, 647).

Lastly, we concur with County Court's conclusion that the evidence found outside was admissible. An officer had probable cause to arrest defendant and was in pursuit of him when he saw him dispose of the items.

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.