■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY AYRHART, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and burglary in the first degree (Penal Law § 140.30 [2]) for unlawfully entering the home of Randy Neal during the early morning hours of June 2, 1986 and slitting his throat with a knife as he lay in his bed.

From our review of the record, we find that the evidence, viewed in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), is legally sufficient to support defendant's conviction *(see, People v Bleakley,* 69 NY2d 490, 495). In fact, the evidence of guilt is overwhelming. The People established that defendant had a motive to kill the victim, who had implicated defendant in a prior burglary and had testified against him; that defendant had threatened to kill the victim on several prior occasions, including the night before the homicide; and that defendant had admitted to his brother Darren and Darren's girlfriend that he had killed the victim and provided details of the killing, including where he had disposed of the murder weapon. The weapon was subsequently recovered upon execution of a search warrant at defendant's home.

Defendant contends that his brother, Darren, without whose testimony there was no case against defendant, was an accomplice in a conspiracy to intimidate the victim and, thus, Darren's testimony required corroboration. Defendant did not request a charge that Darren was an accomplice and did not take exception to the court's failure to so charge. Thus, this issue is unpreserved for appellate review *(see, People v Aleschus,* 55 NY2d 775; *People v Graham,* 111 AD2d 831, *lv denied* 66 NY2d 763; *People v Pelc,* 101 AD2d 995; *People v Henn,* 79 AD2d 852). In any event, there is no merit to defendant's claim that Darren was an accomplice to the murder since, on this record, there is no evidence from which Darren may reasonably be considered to have participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged *(see,* CPL 60.22).

We have reviewed the other issues raised on appeal and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—murder, second degree.) Present— Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.