■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN YAMAGATA, Appellant. [618 NYS2d 122] —Mikoll, J. Appeal from a judgment of the County Court of Sullivan County (Lalor, J.), rendered November 15, 1991, convicting defendant upon his plea of guilty of the crimes of criminal

possession of a controlled substance in the third degree and assault in the second degree.

Defendant entered negotiated pleas of guilty to criminal possession of a controlled substance (80 vials of crack cocaine) in the third degree in satisfaction of a two-count indictment and to assault in the second degree in satisfaction of a separate four-count indictment. Defendant received the sentence agreed upon as to each count.

On this appeal, defendant contends that he was improperly denied a hearing on his motion to suppress tangible personal property he was convicted of possessing under the criminal possession charge. We disagree. County Court properly found that defendant was not entitled to a hearing. There was no search of defendant. Based on confidential information that defendant would go to a hiding place in a wooded area in a field at a certain time, the police officer observed defendant do so in plain view. The police officer saw defendant pick up a bag containing white vials with green tops from under a tree limb. The officer recognized that the vials appeared to be similar to crack cocaine vials and ordered defendant to "freeze, police". Defendant then took off running, slipped on some rocks and fell to the ground but got up and continued running. The officer continued the chase until he lost sight of defendant. He then retraced his steps, found the bag containing the vials which had split open when defendant fell causing some of the vials to scatter. Defendant was later arrested.

There was probable cause to order defendant to freeze and to arrest him. Defendant then abandoned the property *(see, People v Stone,* 132 AD2d 902) and had no standing to challenge the police seizure of it from the open field *(see, United States v Salvucci,* 448 US 83; *People v Ponder,* 54 NY2d 160). There was no search conducted of defendant's person and defendant had no expectation of privacy as he was in plain view at the time he was first observed picking up the bag.

Defendant's challenge to the sufficiency of the plea allocution on the assault second count is also without merit. In addition, defendant's argument that he was denied his right to appear before the Grand Jury because of improper notice of its proceedings prior to indictment was not preserved for appellate review since defendant did not move for dismissal of the indictment within five days of arraignment on the charge *(see, People v Gilbert,* 143 AD2d 529).

Defendant's contention that he was deprived effective assistance of counsel is also not supported by the record. Addition-

ally, counsel for defendant stated at the conclusion of the plea taking and in the presence of defendant, without correction or objection, that defendant was satisfied with his representation. Further, at the conclusion of sentencing defendant indicated that he was not making an application to withdraw his plea. Any remaining contentions raised by defendant have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.