PER CURIAM.
The state appeals an order of the criminal court of record in and for Dade County which suppressed as evidence, on motion of the defendant charged with second degree murder, certain incriminating statements made by the defendant to the police.
Two statements by the defendant were involved. An officer dispatched to the scene to investigate a homicide testified that when he entered an apartment he found the victim on the floor in the kitchen area, and that the defendant was kneeling beside the body. The officer tested the victim for pulse and found nope. He testified that the ambulance was “pulling in” at that time, and that the defendant asked if she-could go to the hospital therein with the victim. He asked her who she was, to which she replied that she was the victim’s wife. He then asked her who had stabbed the victim, and she said that she had. He then informed her that she was under arrest, and advised her of her rights, as called for under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. He did not question her further at that time, and had her sit in a chair awaiting the arrival of his superior. When the latter arrived he advised the defendant fully as to her rights a second time, after which, upon being asked whether she was willing to make a statement without having a lawyer present, she responded in the affirmative, and when then questioned made the second incriminating statement which is involved.
In testifying at the hearing on the motion to suppress, the defendant did not deny that she was advised of her rights or deny that she had consented to submit to questioning by the officers without having an attorney present, but said that she had been upset at the time, and that she did not remember what was said by the officers or by her in conversation with them.
The first statement of the defendant which the trial court suppressed was not made during a custodial investigation. In asking the woman who she was, and “who stabbed him” (which was the equivalent of asking “what happened” or “how did it happen”), the investigating officer was acting within the range of “on-the-scene questioning as to facts surrounding a crime,” which is sanctioned in Miranda. The *110 second statement, made after the defendant had been told she was under arrest and informed as to the offense charged and been advised of her rights, was not subject to be suppressed inasmuch as it was made following her consent to being interrogated then, without the presence of a lawyer. The trial court’s finding that the defendant’s state of mind when questioned was such that she was unable to knowingly consent thereto or to make any intelligent responses, is not supported by competent substantial evidence.
The testimony of the officers, which is undisputed, was that the defendant was fully advised of her rights, and in connection therewith when asked if she understood the same, her responses consistently were in the affirmative. Their testimony reveals that after having been informed of her rights, the consent of the defendant to be questioned without the presence of a lawyer was not requested and given until after she had been asked if she wanted a lawyer at that time, and had answered that she did not.
As to the condition of the defendant at the time, the testimony of one of the officers was that she was composed and did not appear nervous. The other officer testified that the defendant appeared somewhat nervous and was crying intermittently. The officers testified they detected an odor of alcohol on the woman, but that she was not intoxicated. Both testified she showed understanding of what was said to her, and that she gave intelligent answers to questions put to her. The defendant’s statement at the hearing on the motion to suppress that she was upset at the time and that she did not remember the colloquy with the officers was not sufficient, on consideration of the evidence as a whole, upon which to hold that her statement to the officers after arrest was not voluntarily made. The defendant’s rights were properly observed, and we hold that the trial court was in error in suppressing the evidence in question.
Reversed.