397 So.2d 368 (1981)
James Stephen WALDEN, Appellant,
v.
STATE of Florida, Appellee.
No. WW-401.
District Court of Appeal of Florida, First District.
April 14, 1981.
Rehearing Denied May 11, 1981.
Michael J. Minerva, Public Defender, Melanie Hines Alford and Margaret Good, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment and sentence entered upon a charge of carrying a concealed firearm, alleging error in the denial of a motion to suppress evidence. Appellant was arrested after a police officer discovered the firearm while conducting a protective "pat down." Appellant (a white male) and a companion were on the streets in a predominantly black "high crime" area in the early morning hours. The police officer had previously observed appellant drinking beer, and upon seeing him "slightly staggering" the officer determined that appellant should be placed in a detoxification center for his own safety. Prior to transporting appellant to the detox center the officer conducted a "pat down" and discovered a firearm in appellant's boot.
Appellant moved to suppress the firearm as the product of an illegal search. The state contends that the officer was entitled to conduct the "pat down" as an incident of appellant's custodial detention pursuant to § 396.072(1), Florida Statutes. If appellant were properly placed in protective custody the limited "pat down" conducted would be appropriate. See Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979). But appellant never consented to the officer's actions, and § 396.072(1) authorizes non-consensual detention only if the subject is intoxicated and incapacitated. Bennett v. State, 344 So.2d 315 (Fla. 1st DCA 1977). Section 396.072(1) defines incapacity as "immediate need of emergency medical attention, or ... [being] unable to make a rational decision about [the] need for care." The present case does not involve such incapacity, and the firearm should have been suppressed as the product of a search which resulted from an illegal detention.
We note that the Florida Supreme Court has not adopted a "good faith" exception to the exclusionary rule, as enunciated in U.S. v. Williams, 622 F.2d 830 (5th CCA 1980). The lower Florida appellate courts are thus precluded from considering such an exception, as it departs from the traditional exclusionary rule which the Florida Supreme *369 Court has repeatedly approved. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
We therefore reverse and remand to the trial court with directions to vacate the judgment and sentence and to discharge appellant.
ROBERT P. SMITH, Jr., J., concurs.
MILLS, C.J., specially concurs with opinion.
MILLS, Chief Judge, specially concurring:
I concur with the majority decision in this case only because I feel compelled to do so under the decisional law of this State cited by the majority.
Because of the particular facts of this case, I find the result distasteful. It is uncontradicted that the police officer was acting in good faith and in the interest of the defendant by taking him into protective custody for the purpose of transporting him to the Detoxification Center. He had observed him drinking on a public street and subsequently observed him staggering as he walked down the street in a known high crime area. The fact that the defendant was not shown to be incapacitated in a manner defined by the statute does not alter my belief that the conduct of the officer in determining to take Walden into protective custody and in conducting a protective "pat down" for weapons before placing Walden in the police car was reasonable under a common sense view of the facts. If I were free to do so, I would apply a "good faith" exception to the exclusionary rule in a case such as this.