MILLS, Judge.
Moline appeals the denial of his motion to suppress controlled substances found in his car. We affirm.
However, we expressly decline to affirm the “good-faith” exception to the exclusionary rule as found by the trial court. We note specifically this court’s opinion in Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981), 1981 F.L.W. 833, which held that we are precluded from considering such an exception until it is adopted by the Florida Supreme Court.
We find that the police officer’s command for Moline to sit up from his prone position on the car seat, considering the furtive movements of Moline, the area where the vehicle was located, the time of night, and the fact that Moline appeared to be trying to stuff something between the car seats, was such a limited intrusion that there was no constitutional violation by the officers. Once Moline sat up, the contraband was in “open view” and subject to seizure under the automobile exception to the warrant requirement. Ensor v. State, 403 So.2d 349 (Fla.1981), Case No. 57,817, opinion filed June 4, 1981.
Accordingly, the trial court’s order is affirmed.
ROBERT P. SMITH, Jr., C. J., and McCORD, J., concur.