405 So.2d 462 (1981)
The STATE of Florida, Appellant,
v.
Benjamin Bruce THOMAS, Appellee.
No. 80-2148.
District Court of Appeal of Florida, Third District.
October 20, 1981.
Rehearing Denied November 20, 1981.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellant.
Solomon & Mendelow and Harold Solomon, Miami Springs, for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
SCHWARTZ, Judge.
On April 10, 1980, based upon what was admittedly probable cause to believe him guilty of an armed house burglary-rape,[1] but without a warrant, Miami police officers went to Thomas' home and, the trial judge found on disputed facts, arrested him inside. While there, the officers observed a hat and a bicycle which were connected with the crime. After they took the defendant to the police station, and without any claimed Miranda violation or other impropriety, Thomas confessed. Subsequently, *463 the officers secured a search warrant and seized the hat and bicycle. On the basis of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which was decided five days later, on April 15, 1980, the trial judge suppressed both the tangible items in question and the confession. We affirm as to the hat and bicycle, but reverse as to the confession.
Since the entry into the defendant's home, which Payton declared to be unconstitutionally effected, was the occasion for the officers' awareness of their existence, see, State v. Ramos, ___ So.2d ___ (Fla. 3d DCA Case no. 80-845, opinion filed, July 28, 1981), it is clear that the tangible items must be suppressed as fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The state argues that Payton should not control because it was decided subsequent to the entry which was then clearly authorized by the law of Florida. State v. Perez, 277 So.2d 778 (Fla. 1973), cert. denied, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 468 (1973).[2] While we reject this contention, it is not for the reason assigned in Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1980), cert. denied ___ U.S. ___, 101 S.Ct. 3040, 69 L.Ed.2d 412 (1981). Accord, State v. Jennings, 396 So.2d 1231 (Fla. 4th DCA 1981); Brown v. State, 392 So.2d 280 (Fla. 1st DCA 1980). To the contrary, we thoroughly agree with Judge Pearson's disapproving analysis of Busch in his specially concurring opinion in Williams v. State, 403 So.2d 430 (Fla. 3d DCA 1981). Indeed, we would go further and suggest that under the traditional analysis of the basis for the court-made exclusionary rule, as applied to the question in United States v. Peltier, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), the overruling effect of Payton should be applied only prospectively. State v. Friddle, (La.), 396 So.2d 1242 (La. 1981) (Payton not retroactive); People v. Graham, 76 A.D.2d 228, 431 N.Y.S.2d 209 (1980) (same). This conclusion is bottomed upon the fact that the very reason the courts require exclusion, to discourage unlawful police activity, is not furthered if the action is not legally improper when it is undertaken. In our view, however, this approach cannot obtain in our state simply because the Florida exclusionary rule is not judicially created, but constitutionally required. Article I, Section 12, Florida Constitution (1968) specifically provides:
The right of the people to be secure in their persons, houses, papers and effects against the unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated... . Articles or information obtained in violation of this right shall not be admissible in evidence. [emphasis supplied]
This provision leaves no room in Florida for a purely prospective application of a judicial determination that a given search or seizure is constitutionally unreasonable. Once it is decided, as by Payton, that this is the case, the Florida courts are mandated to reject any evidence thus secured.[3] See Grubbs v. State, 373 So.2d 905 (Fla. 1979) (exclusionary rule applicable in probation proceeding only because of Florida constitutional provision); see also, Odom v. State, 403 So.2d 936 (Fla. 1981) ("constitutional principle applies ... regardless of the scope of the Fourth Amendment exclusionary rule.")
We reach an opposite conclusion with respect to the confession because of the absence of a requisite logical connective link to the impropriety in the arrest which temporally preceded it. This issue is not *464 controlled by Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) and Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), cited by the defendant, because, unlike those cases, Thomas' arrest, supported as it was by probable cause, was not itself improper, and there is therefore no suggestion that it was undertaken as a subterfuge or for the purpose of securing a confession in a custodial atmosphere. Only the place of the arrest, the defendant's home, was, Payton says, improper; it is admitted that if the officers had merely waited for Thomas to emerge, no constitutional objection could have been raised. Because the location of the arrest thus did not bear so much as a "but for" relationship to the confession, which would plainly have come about regardless of the impropriety, we hold that it was not even initially causally tainted by the Payton violation, or, in terms of the Florida Constitution, that it was not "obtained in violation" of Thomas' right to be secure from an unreasonable seizure. It should therefore not have been suppressed. See State v. Shular, 400 So.2d 781 (Fla. 3d DCA 1981) (unlawful arrest does not require suppression of subsequent confession when taint is dissipated by intervening events); State v. Barry, 86 N.J. 80, 429 A.2d 581 (1981) (same); People v. Rogers, 52 N.Y.2d 527, 439 N.Y.S.2d 96, 421 N.E.2d 491 (1981) (same); see also, Norris v. State, 401 So.2d 865 (Fla.3d DCA 1981) (per curiam); see generally, United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); State v. Maier, 378 So.2d 1288 (Fla. 3d DCA 1979). Fruit from a healthy tree planted where a poisonous one has been removed is not inedible.
Affirmed in part, reversed in part.
BASKIN, Judge (dissenting in part).
Although I concur in the majority opinion insofar as it recognizes the impropriety of the admission into evidence of items seized from defendant's home by police acting without a warrant, I dissent from the ruling concerning the confession. The distinction drawn by the majority in refusing to exclude defendant Thomas' confession strikes me as an unwarranted curtailment of the portent of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
Defendant Thomas' warrantless arrest inside his home was improper despite the presence of probable cause because the officers failed to obtain a warrant. That the officers had probable cause to obtain a warrant does not alter the fact that they did not do so. The "information" they obtained in violation of constitutional rights was as inadmissible as the "articles" they acquired. Art. I, § 12, Fla. Const. (1968). I am disturbed by the majority attitude that the officers' unlawful conduct is of no importance. In Payton, probable cause was present; nevertheless, the United States Supreme Court clearly rejected the view that probable cause justifies a warrantless arrest in a home as it does in a public place, a view here espoused by the majority.
Because I find the confession was obtained in violation of Thomas' right to be secure from an unreasonable seizure and that the taint of illegality spread without interruption by intervening events, Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), I would affirm the trial court's suppression of the confession as well as of the evidence.
NOTES
[1] His fingerprint was found at the scene of the offense.
[2] Payton itself recognizes that Florida law was directly contrary to its conclusion. 445 U.S. at 575, 100 S.Ct. at 1374, 63 L.Ed.2d at 644.
[3] For the same reason, it is at best highly doubtful that Florida courts are constitutionally free to adopt the theory advanced by thirteen judges of the fifth circuit in United States v. Williams, 622 F.2d 830, 840-47 (5th Cir.1980) (en banc), cert. denied, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981), that evidence which is objectively determined to have been unconstitutionally and unreasonably secured may nevertheless be admitted if the officers were acting in subjective "good faith" at the time. See also, Moline v. State, 404 So.2d 826 (Fla. 1st DCA 1981); Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981).