JORGENSON, Judge.
The State of Florida seeks review of the trial court’s order granting the defendant Jackie Cone’s motion to suppress his confession. The trial court’s conclusion was founded on Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). We find those cases inapposite and accordingly reverse the order and remand for further proceedings.
The operative facts giving rise to Jackie Cone’s arrest are as follows. Officers of the City of Miami Police Department were investigating a robbery/homicide which had occurred within the jurisdiction of the City of Miami. In furtherance of that investigation the City of Miami officers developed probable cause which led to the issuance of a concededly valid search warrant for the residence of Jackie Cone.
Coincident with the foregoing events, officers of the Dade County Public Safety Department were investigating Jackie Cone for two separate cases involving an aggravated assault and an armed robbery. Cone concedes that the county officers had probable cause for his arrest.
City and county officers jointly executed the search warrant of the Cone residence, where Jackie Cone was found hiding in a closet.[1] County officers arrested Cone and transported him to the Public Safety Department where he was interrogated with respect to the county charges.[2] Thereafter, city homicide officers transported the defendant from county police headquarters to the city homicide office, where Cone made statements implicating himself in the homicide.
The foregoing events are not controlled by Payton but are subject to the analysis provided by Judge Schwartz in State v. Thomas, 405 So.2d 462 (Fla. 3d DCA 1981).[3]
There is nothing in this record to suggest that the two police agencies involved colluded to violate the defendant’s fourth or fifth amendment rights. Rather, the evidence suggests that two cooperating police agencies, closely monitoring each other’s investigations, had a successful result. Since the officers were lawfully on the premises by virtue of a valid search warrant, Cone’s arrest by the county for concededly valid probable cause provides no Payton implication. See Thomas, 405 So.2d at 464. See also Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); United States v. Spencer, 684 F.2d 220 (2d Cir.1982).
Accordingly, we reverse the trial court’s order suppressing the defendant’s confession and remand for further proceedings.

. The record reflects that City of Miami officers obtained the search warrant for the Cone residence which was located in the unincorporated area of Dade County. County officers were present for jurisdictional purposes at the time the warrant was executed. There is no evidence that either the city or the county officers were aware that Jackie Cone was at home at the time the warrant was executed.

. The trial court did not reach the issues of whether the defendant had received proper Miranda warnings or whether his statements were free and voluntary.

. We note that the trial court did not have the benefit of our Thomas decision at the time the motion to suppress was heard.