LEHAN, Judge.
Defendant appeals his convictions and sentences for two counts of burglary. Defendant contends that the trial court erred in not fully granting his motion to suppress certain evidence and in refusing to give the jury an instruction on theft. We affirm.
A Tarpon Springs police officer, Detective Fivecoat, was investigating burglaries that had occurred in the area of defendant’s home. An informant had given the detective information causing the detective to stake out defendant’s home on the nights of November 9 and 10, 1982. On the evening of November 10, Detective Fivecoat saw a person (later identified as Mr. Snow) leave defendant’s home. Detective Fivecoat and another officer followed Mr. Snow and questioned him. Mr. Snow denied knowing anything about a burglary and said that he and the defendant had just met. After the detective described some of the property stolen in the burglaries, Mr. Snow stated that he had seen those items inside the home. The testimony was that Detective Fivecoat and Mr. Snow went back to defendant’s residence to confirm that Mr. Dixon and Mr. Snow had just met.
At defendant’s home, Mr. Snow and Detective Fivecoat stood outside the door while they talked to defendant. Through the doorway, Detective Fivecoat could see plants and a stereo that he believed were items stolen in the burglary. Detective Fivecoat told defendant that he thought the plants were stolen and that he wanted to talk to him about that. The detective gave the defendant a Miranda[1] warning. When questioned about the plants and stereo, the defendant denied any knowledge about any stolen property.
Detective Fivecoat saw one of the burglary victims, Naomi Raysses, standing outside her nearby house. The detective asked her to come over and look through defendant’s front door to see if she saw any of her property. When Ms. Raysses stepped up on the front stoop to look inside, the detective took one step inside the house to get out of her line of vision. Ms. Raysses pointed out three plants which she said were her property.
Another burglary victim, Michael Zoanos, was nearby and was asked by Detective Fivecoat to come to defendant’s door to see if he could see stolen property. Mr. Zoanos looked inside and said that he saw some of his property. Mr. Zoanos then walked into the house, walked over to the stereo, returned to Detective Fivecoat, and said that it was his stereo. Mr. Zoanos’ entry was not prompted by Detective Fivecoat. Defendant did not object or try to stop Mr. Zoanos from entering.
At this point, Detective Fivecoat arrested defendant for possession of stolen property. Detective Fivecoat asked defendant to let him recover the stolen property and said that he was going to collect the property so that it didn’t disappear. Detective Fivecoat stated that if necessary he would have the victims go through the house to identify other property that might belong to them. Defendant told Detective Fivecoat that he did not want people walking through his house and that he would take the detective through the house to point out the stolen property, which he did.
At the police station later, defendant orally admitted burglarizing the residences of Mr. Zoanos and Ms. Raysses and also admitted committing a separate larceny. He agreed to take police officers back to his house to point out additional stolen property.
Defendant filed a motion to suppress the tangible evidence, consisting of the stolen property which the police recovered, and his oral statements made at the police station. After a hearing on the motion, the trial court determined that only the tangible evidence would be suppressed. The court ruled that the entries by the police officers and burglary victims into the defendant’s home were made with the defendant’s consent and that, therefore, any statements made by the defendant would be admissible.
*879 On appeal defendant argues that his statements should also have been suppressed because the entire episode of the detective and the victims searching for stolen property in his home was illegal. We do not agree. When Detective Fivecoat was at defendant’s front door during his investigation and saw stolen property in defendant’s house, the detective had probable cause at that point to arrest defendant. The statements about which defendant now complains were made after his arrest. We find that the arrest of defendant, supported by probable cause, was not improper. See State v. Thomas, 405 So.2d 462 (Fla. 3d DCA 1981). Therefore, there was no error in the trial court’s refusal to suppress defendant’s statements made subsequent to his arrest. Accordingly, we need not address the alleged illegality of the detective’s entry into defendant’s home after the arrest or any resulting inadmissability of physical evidence seized after that entry.
We find no harmful error in defendant’s remaining point as to an alleged error in the jury instructions.
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).