WATSON, R.O., Associate Judge.
Appellant, Plaintiff, Michelle Stewart, appeals a summary judgment entered in favor of Appellee, Defendant, Melvin G. Col-man as Sheriff of Orange County, Florida.
Plaintiff and a friend were hitchhiking when they were picked up by a deputy sheriff and lectured about hitchhiking. Plaintiff and her friend had been drinking and taking quaaludes during the evening. When Plaintiff developed breathing difficulties the deputy summoned rescue.
When the ambulance arrived with two medics, Plaintiff was lying down and deputies were trying to restrain her. She was observed flailing her arms and yelling. After the medics tried unsuccessfully to calm her they tied her to a stretcher and placed her in the ambulance. The deputy in charge requested the medics to transport her to the hospital because he believed she needed medical attention. She was not placed under arrest and she was not being transported under the Baker Act.
One of the medics concluded Plaintiff had been hyperventilating. Shortly after the ambulance started to the hospital, Plaintiff calmed down and began breathing normally.
Before the ambulance arrived at the hospital, Plaintiff refused further medical assistance and repeatedly demanded to be released. Upon contacting the deputy in charge, the medics were told that Plaintiff was not being charged with a criminal offense and was not in custody under the Baker Act. At Plaintiffs request, she was released in the parking lot of a club where she worked. She said she would get a ride home. There is a dispute over whether the deputy in charge instructed the medics to “cut her loose” or whether she was released with the deputy’s knowledge. For the purposes of this appeal, the Court assumes the deputy in charge informed the medics to release her.
One of the medics observed Plaintiff enter the club. Plaintiff had denied being drunk or on drugs. She walked without difficulty, talked in a normal fashion, appeared to be natural and did not appear to be in need of medical treatment at the time of her release.
She was seen by a friend, the owner of another club, entering his club about 1:45 o’clock a.m. and yelling. She was wet and breathing heavily. When she exited the building and sat on the curb she stopped the heavy breathing. Her friend was trying to get her a ride when she reentered the club and told him she had a ride.
A customer left the club a little after 2:00 o’clock a.m. He proceeded out of the parking lot and traveled a short distance down Highway 50. When he heard a voice, he pulled off the highway and discovered Plaintiff lodged under his car.
Among others, Plaintiff sued the Sheriff of Orange County. Plaintiff claimed that the deputy in charge owed Plaintiff a duty to protect her because he had determined she was in need of emergency medical treatment and was unable to make rational decisions for herself. Plaintiff maintained the deputy breached that duty by permitting the medics to release her. Plaintiff further claimed that the breach of that duty by the deputy was a proximate cause of her injuries.
Plaintiff contends that the deputy took her into protective custody under the Myers Act, Section 396.072, Florida Statutes (1979). Under Section 396.072, a peace officer may take an intoxicated person to a hospital or treatment resource without that person’s consent only when that person appears to be intoxicated and incapacitated. Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981). Under the act, a person is deemed incapacitated when the person appears to be in immediate need of emergency medical attention, or when the person appears to be unable to make a rational decision about her need for care.
At the time of Plaintiff’s release from the ambulance, she no longer ap *972 peared in need of emergency medical attention and appeared to be able to make rational decisions about her need for care. Therefore, even if Plaintiff were taken into protective custody under the Myers Act, she no longer met the criteria and neither the medics nor the deputy had any authority to transport Plaintiff to the hospital against her will. Plaintiff was properly discharged from protective custody.
There are many obvious material differences between this case and Walston v. Florida Highway Patrol, 429 So.2d 1322 (Fla. 5th DCA 1983). Plaintiff was released in a location of her choice. She was not placed in a position of greater peril by the deputies. She was not in the custody of or under the control of the deputies at the time of the incident resulting in her injuries.
It is not necessary to determine the question of sovereign immunity because the deputy sheriff in charge did not breach any duty owed to Plaintiff.
The summary judgment is affirmed.
ORFINGER, C.J., and COWART, J., concur.