528 So.2d 1253 (1988)
In the Interest of F.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2082.
District Court of Appeal of Florida, First District.
July 19, 1988.
Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, and Eric Cumfer, Legal Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
In this appeal from an order of commitment for juvenile delinquency, F.P. challenges the trial court's denial of his motion to suppress physical evidence which he claims was produced as the result of a warrantless search, and statements he made to a police officer immediately after the search. The State contends that appellant voluntarily produced the evidence without coercion, and that even if the actions of the School Resource Officer were considered a search without appellant's consent, they satisfied the "reasonableness" standard for searches conducted by school officials enunciated by the United *1254 States Supreme Court in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), and therefore the State did not need to prove that there existed probable cause to believe that the search would produce evidence of a crime, the stricter standard applicable to police searches. We hold that the "school official exception" is not applicable under the factual circumstances of this case, and remand for clarification of the trial judge's ruling.
David Ferrell, an investigator for the Tallahassee Police Department (TPD), was questioning G.B. at a middle school regarding a burglary when G.B. told him that F.P., a thirteen year old schoolmate, had earlier that morning shown him new GM car keys and an "automotive paper" and said that he had a stolen vehicle. Ferrell had no prior experience with G.B. and had no report of stolen car keys, but he knew that F.P. and other juveniles had previously been involved in stealing vehicles.
Ferrell advised Jackie Flint, the School Resource Office (SRO),[1] of the situation and his belief that F.P. had a stolen vehicle somewhere and the keys in his possession. The officers tried to locate F.P. in order to recover the allegedly stolen keys and vehicle, but were not able to find him.
After Ferrell left, Flint saw F.P., called Ferrell, and took the juvenile to her office, where she asked him if he had anything he needed to give her. F.P. took car keys and a paper out of his pocket and put them on her desk. When Ferrell returned a few minutes later, he explained why he was there and gave F.P. Miranda warnings, whereupon F.P. waived his rights and told Ferrell that he found an envelope containing the car keys and paper on a white Pontiac behind a rental car agency, and that he planned to return later and drive the car around if he could locate it.
Delinquency proceedings were instituted and appellant moved to suppress the physical evidence and his statements to the officer. He testified at the hearing that Flint told him the "deputy" (Ferrell) said he was to empty his pockets. The State argued that there was no search, only a voluntary production of evidence; that even if it were a search, it satisfied the "reasonableness" standard for search of a student by a school official because there existed reasonable grounds for suspicion that appellant possessed evidence of a crime; and that even if the search were improper, the subsequent confession was admissible under State v. Thomas, 405 So.2d 462 (Fla. 3d DCA 1981).
The Public Defender argued that the school official exception was not applicable because Flint was a law enforcement officer; that appellant did not consent to the search, but acquiesced to the apparent authority of a police officer; and that the police did not have probable cause to search appellant because the information from G.B. was not verified and his reliability had not been previously established.
The trial court concluded that if the production of the keys were in violation of appellant's rights, it would taint his subsequent statements and that this was not a voluntary production of evidence, but that the school exception applied because Flint represented the school as well as the sheriff's department. Appellant pled nolo contendere to the charge of felony petit theft, reserving his right to appeal the ruling on his suppression motion.
The trial court properly ruled that if the physical evidence is suppressed, appellant's subsequent statements to police must also be suppressed. We agree with appellant, however, that under M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981), the "school official exception" to the probable cause requirement for a warrantless search does not apply when the search is carried out at the behest of the police.[2]
*1255 Here, even if Flint's apparently dual role as a school official and a law enforcement officer were not considered, the fact that she acted at the behest of a police officer requires the State to prove either that appellant consented to the search or that there existed probable cause to believe that appellant had violated the law and had in his possession evidence of that violation.
We cannot determine from this record whether the trial judge's ruling that this was not a voluntary production of evidence was based upon his factual determination that under these particular circumstances the production of the keys by this defendant was coerced, or whether his ruling was based upon an erroneous belief that any production of evidence by a child at the request of a uniformed police officer is always coerced.
We REVERSE the trial court's ruling that the school official exception applied in this case and REMAND for clarification of the ruling that appellant did not voluntarily produce the evidence. If the trial court finds that this defendant was coerced under these particular circumstances, it must also determine whether the search was based on probable cause to believe that appellant had violated or was violating the law, so as to justify the search.
MILLS and ERVIN, JJ., concur.
NOTES
[1] The record indicates that Flint is an employee of the sheriff's department who works at the school, primarily in delinquent prevention, education and counseling, but also handles any law enforcement matters that arise. The county school board reimburses the sheriff's department for her salary.
[2] In New Jersey v. T.L.O., the Court concluded:

[T]he accommodation of the privacy interests of school children with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search.
469 U.S. at 341, 105 S.Ct. at 742, 83 L.Ed.2d at 734. The Court found that this determination involves inquiry into whether the action was "justified at its inception" (whether there were reasonable grounds for suspecting that the search would turn up evidence that the student had violated or was violating either a law or rules of the school) and whether the search as actually conducted "was reasonably related in scope to the circumstances which justified the interference in the first place" (whether the measures adopted were reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction). Id. The Court reserved ruling on the specific question of the appropriate standard for assessing the legality of searches conducted by school officials in conjunction with or at the behest of law enforcement agencies.
In M.J. v. State, this court held that the reasonable suspicion exception for warrantless searches of students by school officials does not apply when a law enforcement officer directs, participates, or acquiesces in the search, so that the officer must have probable cause.