GERSTEN, Judge.
Appellant, State of Florida, appeals the suppression of Appellee Roland Stewart’s confession. We reverse.
While living in California, appellee telephoned the San Diego Police Department and confessed to committing a murder in Miami Beach. The San Diego police brought appellee to the police station and advised appellee of his Miranda rights.
Both, before being advised of his rights, and after signing Miranda waivers, appel-lee related facts about the murder he committed. Appellee insisted on turning himself in, explaining that he wanted to collect a reward and get the crime “out of his mind.”
Prior to trial, appellee moved to suppress the confession asserting that he was mentally incompetent at the time he made the statements to police. The trial court heard the testimony of three psychiatrists who gave different opinions on appellee’s competence at the time he gave the confession.
The trial court, finding no wrongdoing on the part of the San Diego Police Department or other law enforcement officers in this case, stated:
I think they acted in a most professional manner. Everything they did was in accordance with the law of the United States & Supreme Court rulings ...
Nevertheless, the trial court suppressed ap-pellee’s confession ruling that an incompetent person cannot give a competent statement.
In Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 98 L.Ed.2d 473 (1986), the United States Supreme Court reasoned:
Respondent would have us require sweeping inquiries into the state of mind of a criminal defendant who has confessed, inquiries quite divorced from any coercion brought to bear on the defendant by the State. We think the Constitution leaves this sort of inquiry to be resolved by state law governing the admission of evidence and erects no standard of its own in this area.
A statement rendered by one in the condition of respondent might be proved to be quite unreliable, but this is a matter to be governed by the evidentiary laws of the forum.
Colorado v. Connelly, 107 S.Ct. at 522.
In Florida, diminished mental capacity does not in and of itself affect the admissibility of a confession, absent improper coercive police conduct:
[T]he defective mental condition of the accused even when clearly established in a timely manner in support of an effort to exclude the statements, does not by itself render the statements involuntary within the meaning of the due process clause of the United States Constitution.
Copeland v. Wainwright, 505 So.2d 425 (Fla.1987), reversed on other grounds, 484 U.S. 807, 108 S.Ct. 55, 98 L.Ed.2d 19 (1987); see also Keeton v. State, 427 So.2d 231 (Fla. 3d DCA 1983); Myles v. State, 399 So.2d 481 (Fla. 3d DCA 1981).
The trial court found that no coercion had been exercised upon the defendant. Accordingly, we reverse the suppression and remand for further proceedings. Reversed and remanded.
LEVY, J., concurs.