COBB, J.
The issue on this appeal is whether the trial court erred in granting Andre Wesley’s motion to suppress evidence seized from a motel room. The Orange County Sheriffs Department received information from an informant that there was someone in a room at the Fairfield Inn who allegedly had crack cocaine, marijuana and a handgun.
When the deputies arrived they received information that there was a large amount of telephone and foot traffic for room 149. The Fairfield Inn “guest charges summary” indicated that the guest name for room number 149 was one Candi Pascarel-la. A computer check showed that Pascar-ella was wanted for questioning in a homicide by the Volusia County Sheriff’s Office and she had an outstanding violation of probation warrant.
Officer Callahan and several other deputies went to the room where a female opened the door. There was conflicting evidence as to how the door was left open, but in any event, Callahan ultimately entered the room without a search warrant. Deputy Gillick assisted Callahan and upon entering the room saw what he thought to be crack cocaine residue on a razor blade on a table, a marijuana joint on another dresser between two occupied beds and an open gun case next to the bed within easy access of Wesley’s right arm.
Wesley was charged with trafficking in 28 grams or more of cocaine and possession of cocaine with the intent to sell or deliver based on what was found in the room. Wesley filed a motion to suppress the evidence arguing that he did not give police officers consent to enter the room without a search warrant, nor did anyone present in the motel room consent to the entrance. The lower court noted that Wesley was staying in the room and was an occupant and had an expectation of privacy. Subsequently, the court granted Wesley’s motion to suppress the evidence on the basis of a non-eonsensual, warrant-less search of the motel room.
Certainly occupants of a motel room enjoy the protection of the fourth amendment. Levine v. State, 684 So.2d 903 (Fla. 4th DCA 1996); Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995). However, as the state correctly points out, the trial court’s ruling is erroneous because the officers had a violation of parole warrant which allowed the deputies to enter the room. Generally, officers can enter a person’s home based on a warrant for a cooccupant. State v. Delgado-Armenta, 429 So.2d 328 (Fla. 3d DCA 1983). Because the evidence showed that there was reason *594 to believe that Pascarella would be living in the room for which she was registered the officers had a valid reason for entering that motel room based on the outstanding violation of probation warrant. The fact that Wesley was a co-occupant of the room (apparently paying part of the rent to Pas-carella) does not invalidate the warrant for Pascarella. Accordingly, we reverse the order suppressing physical evidence.
REVERSED.
DAUKSCH and HARRIS, JJ., concur.