OPINION OF THE COURT
Nicholas Iacovetta, J.
*513 The question addressed by this decision is one of first impression. It concerns the novel issue of whether an altered cable converter box is a “written instrument” as defined in Penal Law § 170.00 (1) thereby making it a “forged instrument” within the purview of Penal Law § 170.25.
Background
The Grand Jury evidence establishes that Police Officer Patrick Brown was present inside the defendant’s home on April 20, 2000 when he observed the defendant operating two television sets, each connected to separate cable converter boxes, each television receiving programming from several different cable channels. He also saw three other unconnected cable converter boxes in defendant’s home.
The five cable boxes were seized by the officer and examined by an investigator employed by Cablevision of New York (hereafter Cablevision). The investigator, experienced in detecting cable fraud, determined that three of the cable boxes, including the two boxes that were attached to television sets, had been altered without permission of Cablevision by replacing the original programming chip with an unauthorized chip. This permitted the reconfigured cable box to receive Cablevision programming without permission or knowledge of Cablevision and without payment of the required fee.
Counts 2, 4 and 6 of the indictment charge the defendant with the crimes of criminal possession of a forged instrument in the second degree (Penal Law § 170.25).
Defendant’s omnibus motion contends that the Grand Jury evidence is insufficient to support the above charges because the term “forged instrument” applies only to written instruments, and a cable box is not a written instrument.
The People’s affirmation counters that a cable converter box is a written instrument because it is a device which contains computer data in the form of customer identification used for recording cable programming which is evidence of a cable subscriber’s right to receive specified cable programming. They further assert that an altered cable converter box is a forged instrument because it affects the customer’s legal right to receive cable programming and the cable provider’s interest in receiving payment for use of their programming.
Discussion
A cable converter box provides a home television viewer with access to channels that receive programming provided by a *514 cable company for a fee. Each subscriber receives a unique identification number which is encoded on a semiconductor chip in the cable converter box provided by Cablevision. This same number is also stored in Cablevision’s central computer which uses this information to determine what programming the converter box can receive.
The Grand Jury evidence explained in sufficient detail how a cable box operates. It contains an encoded computer chip which allows it to send and receive signals through what is called a “head-in” to and from a similar device located at Cablevision.
The originaT chip in an unaltered cable box sends signals which are monitored or read by a Cablevision computer. This allows Cablevision to provide the television viewer with access to otherwise unavailable channels which provide cable programs. Significantly, an unaltered cable box permits Cablevision to monitor the use of company programming for billing purposes.
The original computer chip in an altered cable converter box is removed, as here, without the permission of Cablevision. It is replaced with an unauthorized computer chip which has been reprogrammed by computer with different codes and data. The altered cable box provides the viewer with unlimited, 24-hour access to all Cablevision programming. More importantly, it prevents Cablevision computers from communicating with the altered computer chip by monitoring or reading the signal for billing purposes. This results in free use of cable programming to the viewer.
Conclusions of Law
A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, the person utters or possesses any forged instrument of a kind specified in section 170.10 of the Penal Law (Penal Law § 170.25). One type of instrument specified in section 170.10 of the Penal Law is an instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status (Penal Law § 170.10 [1]).
A forged instrument is defined as a written instrument which has been falsely made, completed or altered (Penal Law § 170.00 [7]). A written instrument means any instrument or article, including computer data or a computer program, containing written or printed matter or the equivalent thereof, used for the purpose of reciting or embodying, conveying or re *515 cording information, or constituting a symbol or evidence of value, right, privilege, or identification, which is capable of being used to the advantage or disadvantage of some person (Penal Law § 170.00 [1]).
The court concludes that the above definitions are sufficient to make the possession of the three altered cable boxes in this case a crime under Penal Law § 170.25.
A connected cable converter box acts as a computer because it has data encoded on its semiconductor chip, including the customer’s identification number, which permits it to communicate with Cablevision’s mainframe computer to receive cable programming and create a record for billing purposes.*
The computer data reprogrammed by computer on each of the altered computer chips in each box qualifies them as written instruments since they are articles containing computer data or programming containing the equivalent of printed matter which is used either to embody information or evidence of right or identification which is capable of being used to the advantage or disadvantage of some person (Penal Law § 170.00 [1]). Here, defendant had the advantage of using or capacity to use the altered boxes to receive free programming to the disadvantage of Cablevision.
Since the computer data was encoded on the chips in the boxes without the approval of Cablevision, the lawful owner of the data and cable boxes, the original computer program was falsely altered making them forged instruments (Penal Law § 170.00 [6], [7]). These forged instruments affect a “legal * * * interest” of both Cablevision and the user because they prevent Cablevision from billing the user for the cost owed by the user for receiving Cablevision programming (Penal Law § 170.10 [1]).
Knowing possession of an altered cable box containing a reprogrammed computer chip affecting a legal interest, with *516 knowledge that it is forged, and with intent to defraud, deceive or injure another, satisfies the requirements of section 170.25 of the Penal Law. Under the evidence presented to the Grand Jury, defendant’s guilty knowledge and intent to defraud can be inferred from his distinct and separate possession of three altered cable boxes, two of which were connected to a television, and two additional nonaltered cable boxes.
This outcome is buttressed by cases which hold that the computer chip in a cellular telephone, falsely altered or “cloned” with encoded computer data without permission of the lawful owner, is a written instrument under Penal Law § 170.00 (1) (see, People v Lawrence, 169 Misc 2d 752; People v Pena, 169 Misc 2d 366; People v Garcia, 170 Misc 2d 543).
The court adopts the well-thought-out analysis employed by the above opinions which it finds persuasive. It sees no reason to treat differently a similarly altered computer chip simply because it is placed in a cable converter box instead of a telephone.
The motion to dismiss counts 2, 4 and 6 of the indictment is denied.
[Portions of opinion omitted for purposes of publication.]

 Penal Law § 156.00 (1) defines computer as: “[A] device or group of devices which, by manipulation of electronic, magnetic, optical or electrochemical impulses, pursuant to a computer program, can automatically perform arithmetic, logical, storage or retrieval operations with or on computer data, and includes any connected or directly related device, equipment or facility which enables such computer to store, retrieve or communicate to or from a person, another computer or smother device the results of computer operations, computer programs or computer data.”
Penal Law § 156.00 (3) defines computer data as: “a representation of information, knowledge, facts, concepts or instructions which are being processed, or have been processed in a computer and may be in any form, including magnetic storage media, punched cards, or stored internally in the memory of the computer.”