OPINION OF THE COURT
Fran L. Lubow, J.
Respondent moves for discovery, suppression of statements and dismissal of the instant petition charging the respondent with acts which if committed by an adult would constitute crimes of forgery and criminal possession of forged instruments as set forth in article 170 of the Penal Law on the grounds that the petition is facially insufficient. The presentment agency opposes respondent’s motion indicating that discovery has been provided, that the statements sought to be introduced at trial were properly obtained and that the petition is facially sufficient.
*602 In deciding a motion to dismiss a petition for facial insufficiency, the court must determine whether the nonhearsay allegations contained in the petition, when viewed in the light most favorable to the presentment agency, if true, support each and every element of the crime charged (Matter of Jahron S., 79 NY2d 632). It is not necessary that all of the presentment agency’s proof be set forth in the petition and supporting depositions and a respondent’s criminal intent may be inferred from the surrounding conduct in which the respondent allegedly engaged. (See Matter of Dirhim A., 178 AD2d 339.) A respondent’s admission which is set forth in the deposition of the witness who heard him state the admission constitutes admissible hearsay and may properly support the charges of the petition as well. (Matter of Rey R., 188 AD2d 473.)
The supporting deposition filed in support of the petition contains the sworn statement of Police Officer Jonathan Dubroff. The deposition states in sum and substance that the respondent was observed holding and making numerous bending motions with a metrocard. It further states that the respondent was also observed swiping the metrocard through the turnstile several times. Police Officer Dubroff further states that he observed an individual who was with the respondent go through the turnstile thereafter. Police Officer Dubroff also states that based on his experience as a member of the New York City Transit Bureau Vandal Squad, he knew that the metrocard was altered in that he (the respondent) bent the metrocard in such a way as to permit an additional fare. It is further alleged in Police Officer DubrofFs deposition that the respondent stated that he had bent the metrocard for the purpose of getting his friend through the turnstile because he did not want to leave his friend in the station alone. See the supporting deposition of Police Officer Dubroff filed with the instant petition.
The issue to be decided by this court in determining the facial sufficiency of the petition is whether a “metrocard” constitutes a “written instrument” within the meaning of the law. Penal Law § 170.00 (1) defines the term “written instrument” as:
“[A]ny instrument or article, including computer data or a computer program, containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, *603 which is capable of being used to the advantage or disadvantage of some person.” (Emphasis added.)
The term is broadly defined in order to cover “every kind of document and other item deemed susceptible of deceitful use in a ‘forgery’ sense, the main requirement being only that it be ‘capable of being used to the advantage or disadvantage of some person.’ ” (See Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 170, at 6, quoting Staff Notes of Commn on Revision of Penal Law, reprinted in McKinney’s Cons Laws of NY, 1964 Spec Pamph, at 360.)
Although this court is not aware of any prior judicial ruling on the issue of whether a metrocard is a written instrument for the purpose of Penal Law article 170, an examination of the various items that have been determined to be written instruments under this article is instructive. The courts have held various types of documentary writings such as mail order subscriptions (People v Hacken, 56 Misc 2d 950); credit card receipts (People v Le Grand, 81 AD2d 945); and fingerprint cards (People v Kirk, 115 AD2d 758) constitute written instruments within the meaning of the statute.
The courts have also held that “cloned cellular telephones” (People v Lawrence, 169 Misc 2d 752; People v Pena, 169 Misc 2d 366) and an altered cable television converter box (People v Grant, 185 Misc 2d 512) constituted “written instruments” for purposes of the statute. In deciding those cases, the courts noted that the cellular phones and the cable television converter box contained encoded computer data that was necessary to their functioning and that the altering of this data results in the free use of the service to the disadvantage of the cellular phone and cable companies. Similarly, the alteration of the metrocard as is alleged in this case would result in free use of the subway to the disadvantage of the New York City Transit Authority which relies on that revenue to continue its service.
In addition, as both counsel indicate, Penal Law § 170.10 (4) imposes criminal liability for the altering of a written instrument which is or purports to be: “Part of an issue of tokens, public transportation transfers, certificates or other articles manufactured and designed for use as symbols of value usable in place of money for the purchase of property or services.” (Emphasis added.) Taken together the statutory definitions do support a finding, at the sufficiency stage, that a metrocard, an electronic ticket that is issued by the New York City Transit Authority and may be used to gain passage on subway and bus *604 lines in lieu of tokens, public transportation transfers or certificates, which contains preprogramed information as to the amount of money remaining on the reusable card, is a symbol of value and does constitute a written instrument as defined by Penal Law § 170.00. The court further finds that the bending of the metrocard may constitute an alteration of the written instrument as contemplated by the forgery statute.
The respondent’s further arguments “that the petition and supporting deposition lack a nonhearsay allegation that the metrocard was not functional and/or empty when it was retrieved [f|rom the respondent or when it was swiped through the turnstile; that the petition lacks a report from a test to see whether or not the metrocard was in fact forged in such a way to [sic] function when it should not; that Officer DubrofFs deposition does not establish that ‘in this instance, this particular Respondent bent the metrocard in the exact way that he believes allows one to gain access to the subway’ ” (see respondent’s omnibus motion items 21-28) raise issues that are evidentiary in nature and do not support a ruling that the petition is facially insufficient.
Respondent further moves for suppression of statements made to Police Officer Dubroff arguing that the statements were taken in violation of respondent’s constitutional rights. The presentment agency opposes respondent’s motion. Respondent’s motion for suppression is denied; however the court shall conduct a pretrial Huntley hearing to determine the admissibility of any statement which the presentment agency intends to introduce at the fact-finding hearing. It is therefore ordered that respondent’s motion to dismiss the petition on the ground of facial insufficiency is denied. It is further ordered that respondent’s motion for suppression of statements is denied. A Huntley hearing is granted to determine their admissibility at trial. It is further ordered that respondent’s discovery motions are deemed settled subject to the prosecutor’s continuing obligation to provide Rosario, Brady and discovery material to the defense prior to trial.