**54** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARRATU, Appellant. [811 NYS2d 92]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered June 26, 2003, convicting him of criminal possession of a forged instrument in the second degree (77 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by vacating the convictions of criminal possession of a forged instrument in the second degree under counts 1 through 54 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the cable cube devices found in his home did not fall within the statutory definition of forged instruments (*see* Penal Law § 170.00 [7]), since he did not raise the issue before the trial court (*see People v Hines,* 97 NY2d 56, 62 [2001]). However, under the facts of this case, we reach his claim in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The evidence admitted at trial was insufficient, as a matter of law, to convict the defendant of the crime of criminal possession of a forged instrument in the second degree for the possession of cable "cube" devices (hereinafter cubes) that were in an "incomplete" state (Penal Law § 170.00 [3]; *see* Penal Law § 170.25). Accordingly, his convictions of those crimes, charged in counts 1 through 54 of the indictment, must be dismissed (*see People v Rudell,* 20 AD3d 545 [2005], *lv denied* 5 NY3d 885 [2005]).

A "forged instrument" is "a written instrument which has been falsely made, completed or altered" (Penal Law § 170.00 [7]). The People contend, inter alia, that the cubes at issue herein were falsely made. However, a person only falsely makes a written instrument "when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such . . . because the ostensible maker or drawer . . . did not authorize the making or drawing thereof" (Penal Law § 170.00 [4]). "The terms 'authentic creation' and 'ostensible maker' are pivotal" (*People v Cunningham,* 2 NY3d 593, 597 [2004]). Furthermore, "the ostensible drawer is the person who, from the face of the instrument, would appear to be its drawer, and not [necessarily] the person who in fact has the power to create such an instrument" (*People v Levitan,* 49 NY2d 87, 92 [1980]).

Other than a single cube that was found connected to the defendant's home television that allowed the defendant to receive unpaid-for cable television programs, the cubes that formed the basis for the first 54 convictions were in an incomplete state that, without additional programming by the end-user, could not communicate with a cable converter box so as to authorize the converter box to unscramble unpaid-for

cable television programs. Thus, these incomplete cubes, which certainly could not purport to the naked eye to be authentic devices of the local cable television provider, Cablevision (*see People v Lopez,* 8 Misc 3d 873, 877-878 [2005]), could also not purport, with respect to a cable converter box to which the cubes might be connected, to be an authentic Cablevision command-issuing device, since the cubes could not issue any such commands to a cable converter box until they had first been programmed with the serial number of the particular cable converter box to which they might be ultimately connected (*cf. People v Roman,* 8 Misc 3d 1026[A], 2005 NY Slip Op 51291[U] [2005]; *People v Verastegui,* 8 Misc 3d 1026[A], 2005 NY Slip Op 51298[U] [2005]). Thus, only the functioning cube actually connected to a cable converter box inside the defendant's home can be said to fall within the definition of a forged instrument.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant committed the crime of criminal possession of a forged instrument in the second degree with respect to the functioning cube that was connected to the cable converter box inside his home (*see* Penal Law § 170.25).

Based upon the defendant's sale of cubes to a Cablevision investigator and the extensive police investigation of the defendant's activities associated with sales of cubes to the Cablevision investigator, the police had probable cause to arrest the defendant. Probable cause to arrest requires only information sufficient to support a reasonable belief that an offense has been committed by the defendant, not proof that is sufficient to warrant a conviction beyond a reasonable doubt (*see People v Bigelow,* 66 NY2d 417 [1985]; *Burns v City of New York,* 17 AD3d 305 [2005]). Thus, the search of the car the defendant was driving, which the police reasonably believed contained cubes the defendant planned to ship to the Cablevision investigator, was also proper (*see People v Yancy,* 86 NY2d 239, 245 [1995]; *People v March,* 257 AD2d 631, 633 [1999]). Accordingly, the hearing court correctly found that the search of the defendant's home pursuant to the validly issued search warrant was proper (*see People v Cassella,* 143 AD2d 192, 194 [1988]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur. [*See* 194 Misc 2d 595 (2003).]