OPINION OF THE COURT
Nicholas Lacovetta, J.
*601 The defendant moves to dismiss count one, criminal possession of a forged instrument in the third degree, Penal Law § 170.20, because it is facially insufficient.
The defense relies on People v Lopez (8 Misc 3d 873 [2005]) to argue that a bent MetroCard does not meet the definition in Penal Law § 170.00 (6) of a “falsely altered” instrument because a bent MetroCard “does not, and cannot, purport to be an authentic, fully authorized Metrocard as issued by the Transit Authority since once it is bent, it no longer resembles the card issued by the Transit Authority” (id. at 877-878).
An information is sufficient on its face when it substantially conforms to the requirements in CPL 100.15 and 100.40 (1) (b), and the nonhearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof (see People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133, 134-135 [1987]; CPL 100.40 [4] [b]).
A person is guilty of criminal possession of a forged instrument in the third degree when that person, with knowledge that it is forged and with intent to defraud, deceive or injure another, utters or possesses a forged instrument (see Penal Law § 170.20). A forged instrument includes one that has been falsely altered (see Penal Law § 170.00 [7]).
A MetroCard satisfies the definition of a written instrument (see People v Lopez, 8 Misc 3d 873, supra).
The term “falsely alter” includes changing a written instrument “in any other manner” so that the instrument in its altered form appears or “purports” to be in all respects an authentic creation of a fully authorized maker (see Penal Law § 170.00 [6]).
The factual allegations in an accusatory instrument, for pleading purposes, must be sufficiently evidentiary in character and tend to support the charge (see People v Allen, 92 NY2d 378, 385 [1998]). The allegations, however, need not establish guilt beyond a reasonable doubt since the prima facie requirement in a pleading is not the same as the burden of proof required at trial (see People v Henderson, 92 NY2d 677, 680 [1999]). Accusatory instruments should be accorded “a fair and not overly restrictive or technical reading” and will be upheld so long as they serve the fundamental purposes of providing the accused “notice sufficient to prepare a defense” and in a form sufficiently “detailed” to prevent a subsequent retrial for the same offense (see People v Casey, 95 NY2d 354, 360 [2000]; People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d & 11th Jud Dists 2005]).
*602 Here, the information alleges in part that the defendant picked up three discarded MetroCards from the ground, bent them, and then swiped them in the turnstile apparatus in a manner that would allow entry to the subway system without payment of the required fare. While being observed by the deponent police officer, defendant then jumped over the turnstile without paying the fare as a train approached.
The fact that the defendant may not have used the bent Metro-Cards to actually enter the subway system, choosing instead to jump over the turnstile, is of no moment for pleading purposes. By swiping the three cards through the turnstile mechanism and keeping them before jumping over it, the defendant demonstrated that the bent cards were able to “purport” to the turnstile computer that a fare could be read, accepted and access granted.
The definition of a written instrument includes “computer data or a computer program” (see Penal Law § 170.00 [1]). The defendant clearly “altered” the computer data in the used Metro-Cards by bending them so that the turnstile would accept them. The information thus sufficiently established for pleading purposes that the bent MetroCards were falsely altered to appear or purport to be authorized and authentic thereby satisfying that element of a forged instrument (accord People v Dixson, 9 Misc 3d 358 [2005]; People v Verastegui, 8 Misc 3d 1026[A], 2005 NY Slip Op 51928[U] [2005]; People v Roman, 8 Misc 3d 1026[A], 2005 NY Slip Op 5.1291 [U] [2005]; Matter of D.U., 192 Misc 2d 601 [2002]).
This court respectfully disagrees with the analysis adopted by the court in People v Lopez (8 Misc 3d 873, supra), to the extent that it found a bent MetroCard was not a “falsely altered” written instrument because it “no longer resembles the card issued by the Transit Authority” (id. at 878). The issue for pleading purposes is not whether the bent MetroCard appeared valid to the naked eye but whether the turnstile’s scanning device would accept it as legitimate. Here it did. One of the obvious purposes of criminalizing the possession of a forged instrument is to prevent its possessor from using it to receive services without payment. The term “written instrument” in Penal Law § 170.00 (1) is broadly defined to cover “every kind of document and other item deemed susceptible of deceitful use in a ‘forgery’ sense, the main requirement being only that it be ‘capable of being used to the advantage or disadvantage of some person’ ” (Commn Staff Notes, reprinted in Proposed NY Penal Law *603 [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] § 175.00, at 360, quoted in Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 170.00, at 6). This court, and other trial courts, have held that computer data in a written instrument is falsely altered in analogous situations (cf. People v Carratu, 194 Misc 2d 595 [2003], mod 26 AD3d 514 [2d Dept 2006] [affirming a conviction after trial for the crime of criminal possession of a forged instrument in the second degree by finding that a cable cube device which was actually capable of functioning because it was attached to defendant’s television cable converter box satisfied the definition of a forged instrument as defined in Penal Law § 170.00 (7)]; People v Grant, 185 Misc 2d 512 [2000] [finding that an altered cable box is a written instrument]; People v Lawrence, 169 Misc 2d 752 [1996]; People v Pena, 169 Misc 2d 366 [1996] [both finding that a cloned cellular telephone is a written instrument]).
Here, a fair reading of the information finds that it meets the requirements of CPL 100.15 and 100.40 for pleading the crime of possession of a forged instrument in the third degree. The request to dismiss count one, Penal Law § 170.20, is denied.
Defendant’s motion to suppress statement evidence is granted to the extent of ordering a pretrial Huntley /Dunaway hearing (see People v Huntley, 15 NY2d 72 [1965]; Dunaway v New York, 442 US 200 [1979]).
Defendant’s motion to preclude the prosecution’s use on direct or cross-examination of any evidence of defendant’s prior bad acts or convictions is referred to the trial court for a Sandoval hearing (see People v Sandoval, 34 NY2d 371 [1974]; People v Ventimiglia, 52 NY2d 350 [1981]).
The People are directed to notify defendant of any prior uncharged bad acts of defendant they intend to use at trial (see CPL 240.43).