OPINION OF THE COURT
Per Curiam.
Judgments of conviction rendered November 16, 2004 and December 14, 2004 affirmed.
We find unavailing defendant’s present challenge to the facial sufficiency of the accusatory instrument charging criminal possession of a forged instrument in the third degree (Penal Law § 170.20). The factual portion of the information alleged, inter alia, that at the subway station at Grand Central terminal defendant approached and spoke with at least five persons; that defendant, in exchange for money, “ swipe [d] a Metrocard through the turnstile” allowing one person entry into the subway system; and that police thereupon recovered from defendant’s pants pocket three MetroCards that “were bent in a manner as to allow the holder of said cards to enter the subway system even though there [was] an insufficient fare on said cards to allow entry.” These factual allegations, “given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case of criminal possession of a forged instrument in the third degree (see People v Dixson, 9 Misc 3d 358, 366-367 [2005]; People v Owens, 12 Misc 3d 600 [2006]). At the pleading stage, the sworn police allegation that the MetroCards found in defendant’s possession were bent in a manner that would allow illegal entry into the subway system was “sufficiently evidentiary in character” (People v Allen, 92 NY2d 378, 385 [1998]) to establish prima facie that the MetroCards were “falsely alter[ed]” so as to constitute “forged instruments” within the meaning of the forgery statute (see Penal Law § 170.00 [6], [7]; § 170.10 [4]).
The verdict convicting defendant of unlicensed general vending was based on legally sufficient evidence and was not against *91 the weight of the evidence. There is no basis for disturbing the trial court’s determinations concerning credibility.
McCooe, J.E, Schoenfeld and Heitler, JJ., concur.