The People of the State of New York, Respondent, 
against
Glen Hunter, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J.), rendered October 14, 2015, convicting him, upon a plea of guilty, of criminal possession of a forged instrument in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J.), rendered October 14, 2015, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a forged instrument in the third degree (see Penal Law § 170.20), the crime to which defendant ultimately pleaded guilty.
The factual portion of the accusatory instrument alleged, inter alia, that, upon observing defendant inside a specified subway station "at the MetroCard machine," "approaching" several individuals and "asking [them] for money," police recovered from defendant's wallet "three MetroCards ... that were all bent in the same manner or similar location on the magnetic strips" and the deponent officer knew from his training and experience that "bending MetroCards in this way can alter a card with zero balance so that it will provide a ride to the user." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), provided reasonable cause to believe that the MetroCards in defendant's possession, bent in a manner that would allow illegal entry into the subway system, had been "falsely alter[ed]" so as to constitute "forged instruments" within the meaning of the forgery statute (see Penal Law § 170.00[6],[7]; § 170.10[4]; People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d 634, 635 [2009], lv denied 13 NY3d 837 [2009]; People v Richardson, 18 Misc 3d 89, 90 [2007], lv denied 10 NY3d 815 [2008]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2016